UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOMINIQUE DEMONCHAUX,                                      Civ. Act. No.:  10 CIV. 4491 (DAB)

                            Plaintiff,

              -against-                                        **DEFENDANT'S COUNTER STATEMENT TO PLAINTIFF'S RULE 56.1 STATEMENT**

UNITEDHEALTHCARE OXFORD AND
OXFORD HEALTH PLANS (NY), INC.,
                                                                 DOCUMENT
                         Defendants.          ELECTRONICALLY FILED

-----------------------------------------------------------------X

Pursuant to Rule 56.1 of the Local Civil Rules For The Southern And Eastern Districts of New York, Defendant, Oxford Health Plans (NY), Inc. ("Oxford") individually and s/h/a Unitedhealthcare Oxford, by and through its attorneys, Sedgwick LLP, submits this Counter Statement to Plaintiff's Rule 56.1 Statement dated October 4, 2011 (Doc. No. 33), as follows:

### PRELIMINARY STATEMENT

Oxford states that it filed its Rule 56.1 Statement of Material facts dated September 1, 2011 (Doc. No. 28), in support of its motion for summary judgment.  Plaintiff filed her Counter Statement to Oxford's Rule 56.1 Statement on October 4, 2011 (Doc. No. 33), which included numerous improper contentions that are based on evidence that is irrelevant and inadmissible in this action seeking benefits under an employee welfare benefit plan (the "Plan").  Accordingly, Oxford's objections to plaintiff's Counter Statement are set forth in more detail below.  In addition, Plaintiff's Counter Statement included "Additional Material Facts," which Oxford responds to below.

### PRELIMINARY OBJECTIONS

1.     Oxford objects to each and every Statement to the extent that Plaintiff has failed to include citations to record evidence that would be admissible as set forth in Rule 56(e), FED. R. CIV. PROC.

2. Oxford objects to each and every Statement that references evidence that was not identified in a Rule 26(a) Disclosure Statement, or otherwise, produced in discovery.

3. Oxford objects to each and every Statement to the extent that it references hearsay evidence not attached to a sworn declaration or affidavit made on personal knowledge.

4. Oxford objects to each and every Statement to the extent it relies on information or evidence outside the administrative record to prove Plaintiff's alleged entitlement to benefits.

5. Oxford objects to each and every Statement to the extent that it treats issues of law as issues of fact.

6. Oxford objects to each and every Statement to the extent that it references "facts" that are not material to the pending motion for summary judgment.

7. Oxford objects to each and every Statement to the extent it is not a short and concise statement.

## RESPONSES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

169. Denies. Plaintiff refers to "residential treatment," which is not covered under the Plan. (*See* 097).

170. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objection, Oxford denies the Statement except admits that on August 3, 2009, Dr. Ahluwalia performed a Medical Director Review of Demonchaux's claim and had a peer-to-peer discussion with Dr. Schneider. (185). According to evidence in the administrative record, Dr. Schneider was to initiate the peer review discussion with Dr. Ahluwalia. (*See* 185 ("md or designee – to call 12 to 4 est")).

171. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objection, Oxford denies the Statement. According to evidence in the administrative record, on July 21, 2009, Dr.

Ahluwalia noted during her Medical Director Review that Demonchaux's condition was improving and her care needed to be reviewed for "step down" from inpatient treatment. (185).

170.[1]   Admits the Statement that "On August 7, 2009, Dr. Ahluwalia wrote 'cert thru 8/9/09 send for peer review 8/10/09.' (186)."

171.[2]   Admits the Statement that "On August 7, 2009, Leslie Murphy wrote 'recommended continue with inpt certs & P2P on 8/10/09 between 1:30 and 3:30 p.m.' (186)."

172.   Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement. According to evidence in the administrative record, Dr. Schneider was to initiate the peer review discussions with Dr. Ahluwalia. (*See* 185 ("md or designee – to call 12 to 4 est") *and* 186 ("requested peer to peer w/ md from facility to call for peer to peer")).

173.   Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement. According to the evidence in the administrative record, "lmurphy requested peer to peer / md from facility to call for peer to peer [on August 10, 2009]." (186).

174.   Admits.

175.   Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.   According to evidence in the administrative record, Dr. Schneider initiated the peer review discussions with Dr. Ahluwalia. (*See* 185 ("md or designee – to call 12 to 4 est") *and* 186 ("requested peer to peer w/ md from facility to call for peer to peer")).

---

[1] Plaintiff incorrectly numbered this paragraph. Therefore, for the convenience of the Court, the statement admitted to is set forth in this response.
[2] Plaintiff incorrectly numbered this paragraph. Therefore, for the convenience of the Court, the statement admitted to is set forth in this response.

176. Admits.

177. Denies the Statement. On August 10, 2009, Dr. Ahluwalia performed a Medical Director Review, wherein she reviewed all the medical information in Demonchaux's file and the two prior peer-to-peer discussions she had with Dr. Schneider. (184-86).

178. Denies the Statement. On August 10, 2009, Dr. Ahluwalia performed a concurrent medical necessity review of Demonchaux's claim and determined that continued inpatient treatment at the Center was not "Medically Necessary" under the terms of the Plan because she could be safely treated in an "intensive outpatient level of care." (197, 292).

179. Admits.

180. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

181. Admits.

182. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

183. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

184. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

185. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

186. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

187. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

188. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

189. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

190. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

191. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

192. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

193. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

194. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

195. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

196. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

197. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

198. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

199. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

200. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

201. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

202. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

203. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

204. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

205. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

206. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford admits the Statement.

207. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement. Plaintiff's statement is based on guidelines that were not relevant to Oxford's determination of whether Demonchaux's inpatient treatment as of August 10, 2009 was "Medically Necessary" under the terms of the Plan. (*See* 065, 097).

208. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

209. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

210. Denies. Oxford's Medical Director Dr. Wilder was responsible for determining whether Demonchaux's continued inpatient treatment was "Medically Necessary" under the terms of the Plan on administrative appeal, not Dr. Polsky, who was the independent clinical peer reviewer. (086, 179).

211. Objects to the Statement on the grounds that it cites to inadmissible evidence that is outside of the administrative record. Subject to and without waiving the foregoing objections, Oxford denies the Statement.

212. Admits.

213. Denies. Plaintiff sought benefits under the Plan for her inpatient treatment of anorexia and major depression – both "Biologically Based Mental Illnesses" under the terms of the Plan. (097, 301). Plaintiff's statements regarding "residential treatment" are completely irrelevant to this matter given that the Plan does not contain any provision that covers "residential treatment." (*See* 097).

Dated: New York, New York
       October 14, 2011

                                                  Respectfully Submitted,

                                                   s/_____
                                                MICHAEL H. BERNSTEIN (MB 0579)
                                                JOHN T. SEYBERT (JS 5014)
                                                BETSY D. BAYDALA (BB 5165)
                                                SEDGWICK LLP
                                                125 Broad Street, 39th Floor
                                                New York, New York 10004-2400
                                                Telephone: (212) 422-0202
                                                Facsimile: (212) 422-0925
                                                (SDMA File No. 3246-000087)
                                                **Attorneys for Defendant**
                                                Oxford Health Plans (NY), Inc.
                                                s/h/a Unitedhealthcare Oxford

TO:
Scott M. Riemer (SR5005)
sriemer@riemerlawfirm.com
RIEMER & ASSOCIATES, LLC
60 East 42nd Street, Suite 1750
New York, NY 10165
Telephone: (212) 297-0700
Facsimile: (212) 297-0730

Lisa S. Kantor, Esq. (State Bar No. 110678)
lkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

**Attorneys for Plaintiff**
*DOMINIQUE DEMONCHAUX*

NY/752950v1                                                    9

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S COUNTER STATEMENT TO PLAINTIFF'S RULE 56.1 STATEMENT** was served **via ECF and regular mail** on this 14th day of October, 2011, upon the following:

Scott M. Riemer (SR5005)
sriemer@riemerlawfirm.com
RIEMER & ASSOCIATES, LLC
60 East 42nd Street, Suite 1750
New York, NY 10165
Telephone: (212) 297-0700
Facsimile: (212) 297-0730

Lisa S. Kantor, Esq. (State Bar No. 110678)
lkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

**Attorneys for Plaintiff**
*DOMINIQUE DEMONCHAUX*

Dated:   New York, New York
         October 14, 2011

                                  s/
                                  JOHN T. SEYBERT (JS 5014)