UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DOMINIQUE DEMONCHAUX,

                Plaintiff,

    -against-

UNITEDHEALTHCARE OXFORD AND
OXFORD HEALTH PLANS (NY), INC.,

                Defendants.
---------------------------------------------------------------X

Civ. Act. No.:  10 CIV. 4491 (DAB)


DOCUMENT
ELECTRONICALLY FILED

---

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO STRIKE
## THE IMPROPER EXTRA-RECORD SUBMISSIONS
## ATTACHED TO PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

SEDGWICK LLP
*Attorneys for Defendant*
Oxford Health Plans (NY), Inc.
s/h/a Unitedhealthcare Oxford
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
(Sedgwick File No. 03246-000087)

Michael H. Bernstein
John T. Seybert
Betsy D. Baydala
    *Of Counsel*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT .............................................................................................................................2

    POINT I:

    THIS COURT SHOULD STRIKE DEMONCHAUX'S EXTRA-RECORD
    SUBMISSIONS ....................................................................................................................2

    POINT II:

    THE MEDICAL TREATMENT RECORDS AND PRACTICE
    GUIDELINES ANNEXED TO KANTOR'S DECLARATION
    ARE NOT ADMISSIBLE EVIDENCE .............................................................................8

    POINT III:

    THE ONLINE INTERNET SOURCES AND GUIDELINES ARE
    ALSO INADMISSIBLE EVIDENCE BECAUSE DEMONCHAUX
    DID NOT IDENTIFY THIS INFORMATION DURING
    DISCOVERY .......................................................................................................................9

CONCLUSION ........................................................................................................................12

CERTIFICATE OF SERVICE ................................................................................... Attached

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Bergquist* v. *Aetna U.S. Healthcare,*
    289 F. Supp. 2d 400 (S.D.N.Y. 2003)................................................................3

*Carnrite* v. *Granada Hosp. Group, Inc.,*
    175 F.R.D. 439 (W.D.N.Y. 1997) .....................................................................9

*Cine Forty-Second Street Theatre Corp.* v. *Allied Artists Pictures Corp.,*
    602 F.2d 1062 (2d Cir. 1979).........................................................................10

*Cohen* v. *Metropolitan Life Ins. Co,*
    485 F. Supp. 2d 339 (S.D.N.Y. 2007)...............................................................7

*Conkright* v. *Frommert,*
    130 S.Ct. 1640 (2010) ..............................................................................3, 7

*Fay v. Oxford Health Plan,*
    287 F.3d 96 (2d Cir. 2002) ...........................................................................3

*Firestone Tire and Rubber Co.* v. *Bruch,*
    489 U.S. 101 (1989)...................................................................................3

*Fitzpatrick* v. *Bayer Corp.,*
    No. 04 Civ. 5134 (RJS), 2008 WL 169318 (S.D.N.Y. Jan. 17, 2008) .....................5

*Fry* v. *Hartford Ins. Co.,*
    No. 09-cv-6669 (CJS) (MWP), 2011 WL 1672474 (W.D.N.Y. May 3, 2011)...........3, 5

*Geiger* v. *Alstom Signaling Inc.,*
    No. 06-cv-561-CJS, 2010 WL 1509343 (W.D.N.Y. Apr. 14, 2010).........................3

*Griffin* v. *N.Y. State Nurses Assoc. Pension Plan & Benefits Fund,*
    757 F. Supp.2d 199 (E.D.N.Y. 2010)................................................................5

*Grimes* v. *Prudential Financial, Inc.,*
    No. 09-419 (FLW), 2010 WL 2667424 (D.N.J. June 29, 2010)...........................7

*Hickman* v. *Taylor,*
    329 U.S. 495 (1947)..................................................................................10

*Hobson v. Metropolitan Life Ins. Co.,*
    574 F.3d 75 (2d Cir. 2009) ...........................................................................3

*Kindig* v. *Anthem Life Ins. Co.,*
    No. 07-cv-6282 (CJS), 2009 WL 909632 (W.D.N.Y. Mar. 31, 2009) .....................7

*King* v. *Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry*,
No. 01-cv-2604(ILG), 2003 WL 22071612 (E.D.N.Y. Sept. 5, 2003)................................10

*Laub* v. *Aetna Life Ins. Co.*,
549 F. Supp. 2d 571 (S.D.N.Y. 2008)................................................................5

*Leccese* v. *Metropolitan Life Ins. Co.*,
No. 05-cv-6345(CJS), 2007 WL 1101096 (W.D.N.Y. Apr. 12, 2007) ..................5

*Magee* v. *Metropolitan Life Ins. Co.*,
No. 07-cv-88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009)................3

*Martin v. Hartford Life and Acc. Ins. Co.*,
No. 09-cv-6617 (CJS), 2011 WL 893221 (W.D.N.Y. March 16, 2011) ............ 8, 9

*Maskara* v. *First Unum Life Ins. Co.*,
No. 03 Civ. 498(MHD), 2004 WL 1562722 (S.D.N.Y. Jul. 13, 2004) .............. 3, 4

*Mehaj* v. *Building Serv. 32B-J Health Fund*,
No. 04 Civ. 7613(LLS), 2005 WL 2030283 (S.D.N.Y. Aug. 23, 2005)................3

*Metropolitan Life Ins. Co.* v. *Glenn*,
554 U.S. 105 S.Ct. 2343 (2008)................................................................3

*Miller v. United Welfare Fund*,
72 F.3d 1066 (2d Cir. 2005) ........................................................... 3, 4, 5

*Muller* v. *First Unum Life Ins. Co.*,
341 F.3d 119 (2d Cir. 2003) ................................................................3

*Omnipoint Communications, Inc.* v. *Common Council Of The City Of Peekskill*,
202 F. Supp. 2d 210 (S.D.N.Y. 2002)................................................................9

*Parisi* v. *Unumprovident Corp.*,
No. 3:03cv01425, 2007 WL 4554198 (D. Conn. Dec. 21, 2007) ..................5

*Pepe* v. *Newspaper And Mail Deliver's-Publishers' Pension Fund*,
559 F.3d 140 (2d Cir. 2009) ................................................................7

*Perez* v. *Siragusa*,
No. 05-cv-4873 (CPS)(JMA), 2008 WL 2704402 (E.D.N.Y. Jul. 3, 2008)................10

*Premier Mountings, Inc.* v. *Clyde Duneier, Inc.*,
02 Civ.4897 (DLC), 2003 WL 21800082 (S.D.N.Y. Aug. 6, 2003) ..................8

*Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*,
No. 09-2284-cv, 2010 WL 625003 (2d Cir. Feb. 24, 2010) ..........................3

*Salute* v. *Aetna Life Ins. Co.*,
No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005)................3

iv

*Sellers* v. *M.C. Floor Crafters, Inc.,*
   842 F.2d 639 (2d Cir. 1988) ........................................................................9

*United States* v. *Bosuri,*
   530 F.2d 1105 (2d Cir. 1975) ...................................................................9

*Update Art, Inc.* v. *Moddin Publishing Ltd.,*
   842 F.2d 67 (2d Cir. 1988) .....................................................................10

*Wiener v. Health Net of Connecticut, Inc.,*
   No. 07-4651-CV, 2009 WL 427337 (2d Cir. Feb. 23, 2009) .................7

*Young v. Hartford Life and Acc. Ins. Co.,*
   No. 09 Civ. 9811(RJH), 2011 WL 4430859 (S.D.N.Y. Sep. 23, 2011) .................3

*Zervos* v. *Verizon New York, Inc.,*
   277 F.3d 635 (2d Cir. 2002) ....................................................................5

**Statute**

Employee Retirement Income Security Act of 1974,
   29 U.S.C. §1001, *et seq.* ("ERISA") .........................................................1

**Rules**

FED. R. CIV. P. 26 ..............................................................................................10

FED. R. CIV. P. 37 ..........................................................................................1, 10

FED. R. CIV. P. 56 ......................................................................................1, 8, 9

FED. R. EVID. 401 ...............................................................................................8

FED. R. EVID. 901 ...............................................................................................8

v

## PRELIMINARY STATEMENT

Defendant, Oxford Health Plans (NY), Inc. ("Oxford"), s/h/a Unitedhealthcare Oxford, respectfully submits this memorandum of law in support of its motion pursuant to Rules 37(c) and 56(c) and (e), FED. R. CIV. P., for an order striking certain improper extra-record submissions in Plaintiff Dominique Demonchaux's ("Demonchaux") opposition to Oxford's pending motion for summary judgment ("Demonchaux's Opposition").

In this action, Demonchaux seeks to recover benefits for inpatient treatment related to her "Biologically Based Mental Illnesses" that she received at the Montenido Vista Residential Treatment Center (the "Center") from August 10, 2009 through September 1, 2009 under her former employer, Technology Partners LLC's, employee welfare benefit plan (the "Plan"), that exists pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").  At the close of discovery, Oxford filed its motion for summary judgment, which is currently pending before this Court.  In that motion, Oxford showed that its decision to deny Demonchaux's claim for additional Plan benefits covering further inpatient treatment after August 10, 2009 on the grounds that such treatment was not "Medically Necessary" within the meaning of the Plan was well-reasoned and based on substantial evidence in the administrative record.  Oxford also showed that the medical records Demonchaux and her doctors submitted in support of her claim for continuing inpatient treatment benefits failed to demonstrate that such treatment was "Medically Necessary" as that term is defined in the Plan.

In opposition to Oxford's motion, Demonchaux improperly submitted documents that are not contained in the administrative record, including additional medical treatment notes, various online internet source materials and a Declaration from Gary Schneider, D.O., who was Demonchaux's attending physician at the Center.  None of these materials were submitted to Oxford during its review of Demonchaux's claim for continuing inpatient benefits under the Plan

either at the initial review stage or on appeal.  Under well-settled and controlling authority in this Circuit, this Court may not consider these materials because all of it is outside of the administrative record.  Consequently, all of these materials should be stricken by the Court.

Demonchaux's Opposition also includes a Declaration from her attorney, Lisa Kantor ("Kantor's Declaration"), which attaches as Exhibits "G", "K" and "L", "Level of Care Guidelines" from non-party United Behavior Health ("UBH") regarding an unrelated benefit plan and a practice guideline from the American Psychiatric Association ("APA").  This Court should likewise order that these materials, which are outside the administrative record, be stricken for the same reasons noted above.  These materials should be stricken on the additional ground that they were not properly authenticated by Attorney Kantor, or any witness with personal knowledge about them and because Demonchaux never identified the purported online internet sources or the UBH and APA guidelines during discovery.

As set forth more fully below, it is it is respectfully requested that this Court strike those portions of Demonchaux's Opposition that are not part of the administrative record, not properly authenticated and that were not produced or identified in discovery on the grounds that they are impermissible evidence and, therefore, not appropriate for this Court's review and consideration in connection with Oxford's pending motion for summary judgment.

## ARGUMENT

## POINT I

### THIS COURT SHOULD STRIKE
### DEMONCHAUX'S EXTRA-RECORD SUBMISSIONS

Demonchaux was a participant in an employee welfare benefit plan that is governed by ERISA.  Oxford issued a group policy of insurance to fund benefits under the Plan and administered all claims for Plan benefits pursuant to a full grant of discretionary authority.  (*See* Doc. No. 24-1 at 041).  In addition, the Plan vested Oxford's Medical Directors with full discretionary authority to make "Medical Necessity" determinations under the Plan.  (*Id.* at 086).  When a claim

2

administrator is given such discretionary authority to determine a claimant's eligibility for benefits, the court must review its claim determinations with a strong measure of deference and may only reverse the administrator's actions if the court finds the decision-making to be arbitrary and capricious. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1646 (2010); *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2347-48 (2008); *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989); *see also*, *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 2005); *Fay v. Oxford Health Plan*, 287 F.3d 96, 107 (2d Cir. 2002).

It is well-settled that when performing this review, the Court cannot consider any evidence outside of the "administrative record," which consists solely of those documents before Oxford and its Medical Directors when they rendered a final determination on Demonchaux's claim for Plan benefits related to her continuing inpatient treatment. *See Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No. 09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010); *Hobson* v. *Metropolitan Life Ins. Co.*, 573 F.3d 75, 89 (2d Cir. 2009); *Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *see also Young v. Hartford Life and Acc. Ins. Co.*, No. 09 Civ. 9811(RJH), 2011 WL 4430859, *13 (S.D.N.Y. Sep. 23, 2011); *Fry* v. *Hartford Ins. Co.*, No. 09-cv-6669 (CJS) (MWP), 2011 WL 1672474, *5 (W.D.N.Y. May 3, 2011); *Geiger* v. *Alstom Signaling Inc.*, No. 06-cv-561-CJS, 2010 WL 1509343 at *12 (W.D.N.Y. Apr. 14, 2010); *Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Mehaj* v. *Building Serv. 32B-J Health Fund*, No. 04 Civ. 7613(LLS), 2005 WL 2030283, *3 (S.D.N.Y. Aug. 23, 2005); *Salute* v. *Aetna Life Ins. Co.*, No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Maskara* v. *First Unum Life Ins. Co.*, No. 03 Civ. 498(MHD), 2004 WL 1562722, *1 (S.D.N.Y. Jul. 13, 2004); *Bergquist* v. *Aetna U.S. Healthcare*, 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

Indeed, in *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995), the Second Circuit explicitly held that:

> We follow the majority of our sister circuits in concluding that a district court's review under the arbitrary and capricious standard is limited to the administrative record. Because district courts are required to limit their review to the administrative record, it follows that, if upon review a district court concludes that the Trustees' decision was arbitrary and capricious, it must remand to the Trustees with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a "useless formality." This rule is consistent with the fact that nothing "in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators" and with the ERISA "goal of prompt resolution of claims by the fiduciary."

*Id.* at 1071 (citations omitted).

"The record is properly viewed as comprising all materials in the case file up to the point at which the administrator made its final decision." *Maskara* v. *First Unum Life Ins. Co.*, No. 03 Civ. 498(MHD), 2004 WL 1562722, * 1 (S.D.N.Y. Jul. 13, 2004). In this case, the administrative record is comprised of: (i) the relevant Certificates of Coverage annexed to the Declaration of Rodney Lippold dated August 31, 2011, Doc. No. 24 ("Lippold Dec."); (ii) the administrative claims file annexed to the Declaration of Shelley Lacroix dated August 26, 2011, Doc. No. 25; and (iii) the correspondence and administrative appeal file annexed to the Declaration of Venice Scott dated September 1, 2011, Doc. 26. Demonchaux has never argued that the administrative record submitted to this Court was incomplete.

Confronted with Oxford's motion for summary judgment that is based on the materials contained in the administrative record, Demonchaux's Opposition inexplicably attaches numerous documents that were never provided to Oxford during its consideration of Demonchaux's claim, either at the initial claim review stage or on administrative appeal. Specifically, Demonchaux submitted the following extra-record materials in an effort to supplement the administrative record: (a) additional medical treatment records attached as Exhibit "G" (*see* Doc. Nos. 32-1 *and* 32-2); (b)

online internet source references (*see* Doc. No. 30, p. 1 n.1, p. 9 n. 7, p. 10 and p. 12 n. 8)[1] (c) Dr. Schneider's Declaration (*see* Doc. No. 31); (d) inapplicable UBH level of care guidelines as Exhibits "J" and "K" (*see* Doc. Nos. 32-5, 52-6); and (e) an irrelevant APA practice guideline as Exhibit "L" (*see* Doc. No. 32-7).

Although Demonchaux may attempt to argue that there is "good cause" for this Court to accept her extra-record submissions, there is no "good cause" exception to the rule limiting this Court's review to the administrative record.  In fact, this type of extra-record submission has been routinely rejected by courts in this Circuit.  Most recently, in *Fry* v. *Hartford Ins. Co.*, No. 09-cv-6669(CJS)(MWP), 2011 WL 1672474, *2 (W.D.N.Y. May 3, 2011), the U.S. District Court for the Western District of New York struck plaintiff's extra-record submissions because:

> The legal standard for considering evidence outside the administrative record depends on the standard of review to be applied to the claim.  For a *de novo* review of the administrator's decision, the district court ought not to accept additional evidence absent good cause.  [*Zervos* v. *Verizon New York, Inc.*, 277 F.3d 635, 646 (2d Cir. 2002)]  For a review under the arbitrary and capricious standard, however, a district court's review . . . is limited to the administrative record.  *Miller*, 72 F.3d at 1071.

(quoting *Parisi* v. *Unumprovident Corp.*, No. 3:03cv01425, 2007 WL 4554198, *8 (D. Conn. Dec. 21, 2007)); *see also Griffin* v. *N.Y. State Nurses Assoc. Pension Plan & Benefits Fund*, 757 F. Supp.2d 199, 211-12 (E.D.N.Y. 2010); *Geiger*, 2010 WL 1509343, at *13; *Fitzpatrick* v. *Bayer Corp.*, No. 04 Civ. 5134 (RJS), 2008 WL 169318, *9 (S.D.N.Y. Jan. 17, 2008); *Leccese* v. *Metropolitan Life Ins. Co.*, No. 05-cv-6345(CJS), 2007 WL 1101096, *5 (W.D.N.Y. Apr. 12, 2007); *see Laub* v. *Aetna Life Ins. Co.*, 549 F. Supp. 2d 571, 574 (S.D.N.Y. 2008) ("If defendants are correct that the appropriate standard is 'arbitrary and capricious,' the Court would not have the discretion to supplement the administrative record in the manner [plaintiff] has requested.").

---

[1] Specifically, Demonchaux cited from www.anad.org; www.cdc.gov; http://labtestsonline.org; and www.vitals.com.

5

Notwithstanding the foregoing prohibitions on the submission of extra-record material, Demonchaux's Opposition attaches and references online internet sources and additional medical treatment records never previously provided to Oxford in an effort to supplement the administrative record and offer additional explanations in support of her argument that she is entitled to the additional inpatient treatment benefits in question. But these materials are irrelevant because Demonchaux did not argue that Oxford's "Medical Necessity" determination should be guided by documents other than the Plan documents. Moreover, these materials, which are consistent with Oxford's determination that continued inpatient treatment was not "Medically Necessary" under the terms of the Plan because Demonchaux could be "safely treated in an intensive outpatient eating disorder program setting," (*see* Doc. No. 26-1 at 301), are not part of the administrative record and should be stricken as extra-record evidence. In addition, Demonchaux submitted the Declaration of Dr. Schneider to state that Oxford's Medical Director allegedly failed to call him for a scheduled peer-to-peer discussion on August 10, 2009. (*See* Doc. No. 30, ¶¶6-12).[2] Not only is this argument irrelevant (*see* Doc. 35, p. 2 n. 4), but Dr. Schneider's statements are not supported by the evidence in the administrative record, which reflects that Dr. Schneider was the one required to initiate the peer review discussions with Oxford's Medical Director. (*See* Doc. No. 25-1, at 185 ("md or designee – to call 12 to 4 est") *and* at 186 ("requested peer w/ md from facility to call for peer to peer")). Therefore, Dr. Schneider's Declaration must be stricken for this reason as well.

The UBH and APA guidelines annexed to the Kantor Declaration as Exhibits "J", "K" and "L" should be stricken for a number of reasons. First, none of these documents are contained in the administrative record. This Court cannot consider the UBH Level of Care Guideline for "Mental Health for Acute Inpatient Treatment" and "Mental Health for Residential Treatment" because these documents were not referenced during either the initial review or on the

---

[2] The other portions of Dr. Schneider's Declaration are consistent with the evidence in the administrative record, but still should be stricken as being outside the administrative record.

administrative appeal of Demonchaux's claim.[3]  This Court also cannot consider the APA guideline for "Treatment of Patients with Eating Disorders" (Doc. No. 32-7), which is not part of, or even referenced, in the Plan or in the administrative record, and which is from an entity that is not vested with discretionary authority to determine a claimant's eligibility for benefits or interpret the Plan's terms.  *See Wiener v. Health Net of Connecticut, Inc.*, No. 07-4651-CV, 2009 WL 427337, *2-*3 (2d Cir. Feb. 23, 2009).  Since none of these materials are found or referenced in the administrative record concerning Demonchaux's claim for benefits related to her inpatient treatment of her "Biologically Based Mental Illnesses," this Court is without discretion to consider them in its review of whether Oxford's adverse "Medical Necessity" determination was arbitrary and capricious.  Therefore, these materials must be stricken as extra-record evidence.  *See Conkright*, 130 S.Ct. at 1646; *see also, Grimes* v. *Prudential Financial, Inc.*, No. 09-419 (FLW), 2010 WL 2667424, (D.N.J. June 29, 2010) (refusing to consider a Plaintiff-claimant's affidavit submitted in support of her motion for summary judgment for LTD benefits under ERISA because it presented facts regarding her disability outside of the administrative record); *Kindig* v. *Anthem Life Ins. Co.*, No. 07-cv-6282 (CJS), 2009 WL 909632, *7 (W.D.N.Y. Mar. 31, 2009); *see also Pepe* v. *Newspaper And Mail Deliver's-Publishers' Pension Fund*, 559 F.3d 140, 149 (2d Cir. 2009) (remanding claim because Court could not review additional extra-record evidence); *Cohen* v. *Metropolitan Life Ins. Co*, 485 F. Supp. 2d 339, 353 (S.D.N.Y. 2007) (same).

Second, none of these documents are relevant to Demonchaux's claim for benefits under the Plan for continued inpatient treatment for her "Biologically Based Mental Illnesses" because neither of these guidelines are referred to in the Plan or referenced during Oxford's initial determination or on administrative appeal.  In fact, the "UBH Level of Care Guidelines" attached to the Kantor Declaration are for the "U.S. Behavioral Health Plan, California," which is an entirely different plan than the one governing Demonchaux's claims in this action.  (Doc. No. 32-5, 32-6).  The governing

---

[3] These documents were most likely not referenced because they are not relevant to the Oxford's determination of medical necessity since the guidelines relate to an entirely different plan.

Plan in this case is the Technology Partners LLC's employee welfare benefit plan, and under the clear and unambiguous terms of that Plan, there is no provision for "residential treatment" benefits. (Lippold Dec., Ex. "A," 097).   Thus, Demonchaux's Exhibits "J" and "K" are irrelevant and inadmissible and should be stricken.  *See* FED. R. EVID. 401.

### POINT II

### THE MEDICAL TREATMENT RECORDS AND
### PRACTICE GUIDELINES ANNEXED TO KANTOR'S
### DECLARATION ARE NOT ADMISSIBLE EVIDENCE

In addition to being improper extra-record submissions, Exhibits "G", "J", "K" and "L" of Demonchaux's Opposition, which are annexed to Kantor's Declaration, should be stricken for the additional reason that Kantor lacks the requisite personal knowledge to authenticate these documents for the Court.  (*See* Doc. Nos. 32).

Pursuant to Rule 56(c)(4), FED. R. CIV. P., "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Exhibits attached to such a declaration must also be properly authenticated as required by Rule 901(a) of the Federal Rule of Evidence, which states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Therefore, the Court must strike any unauthenticated exhibits and statements contained in or attached to an attorney's affirmation in support of or in opposition to a motion for summary judgment where the attorney has no personal knowledge of the authenticity of exhibits or the materials contained therein.  *See Martin v. Hartford Life and Acc. Ins. Co.*, No. 09-cv-6617 (CJS), 2011 WL 893221, *8 (W.D.N.Y. March 16, 2011) (striking plaintiff's attorney's unauthenticated exhibits attached to his affidavit); *Premier Mountings, Inc. v. Clyde Duneier, Inc.*, 02 Civ.4897 (DLC), 2003 WL 21800082 (S.D.N.Y. Aug. 6, 2003) (holding that the affidavit from an attorney is not admissible evidence in a motion for summary judgment).

8

Furthermore, case law in this Circuit overwhelmingly supports Oxford's motion to strike Exhibits "G", "J", "K" and "L" to Demonchaux's Opposition, because her attorney, Lisa Kantor, whose Declaration purports to submit this proof to the Court, has no personal knowledge of the authenticity of Demonchaux's medical treatment notes or the practice guidelines from UBH and the APA. *See Sellers* v. *M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) (finding the attorney affirmation insufficient to support a motion for summary judgment); *United States* v. *Bosuri*, 530 F.2d 1105, 1111 (2d Cir. 1975) (reversing the district court and ruling that "the attorney's affidavit was not a permissible substitute for personal knowledge of the [party]" on a motion for summary judgment); *Martin*, 2011 WL 893221, *8; *Omnipoint Communications, Inc.* v. *Common Council Of The City Of Peekskill*, 202 F. Supp. 2d 210, 213 (S.D.N.Y. 2002) (striking the affirmation of an attorney submitted in opposition to a motion for summary judgment, ruling that "When an attorney's affirmation does not comply with Rule 56(e), the court should strike the portions thereof which are not made upon the affiant's personal knowledge, contain inadmissible hearsay or make conclusory statements."); *Carnrite* v. *Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 449 (W.D.N.Y. 1997) (granting motion to strike because "[a]n attorney's affidavit not based on personal knowledge is an impermissible substitute for the personal knowledge of a party.").

Accordingly, this Court should strike Exhibits "G", "J", "K" and "L" that are annexed to Kantor's Declaration as inadmissible evidence on the additional grounds that Kantor lacks the requisite personal knowledge to authenticate any of these exhibits.

## POINT III

### THE ONLINE INTERNET SOURCES AND GUIDELINES ARE ALSO INADMISSIBLE EVIDENCE BECAUSE DEMONCHAUX DID NOT IDENTIFY THIS INFORMATION DURING DISCOVERY

Demonchaux's Opposition references various online internet sources and irrelevant treatment guidelines that are annexed to Kantor's Declaration as Exhibits "J", "K" and "L", which should be stricken as inadmissible evidence. In addition to being extra-record submissions that this

NY/754536v1

Court may not consider (*see* Point I, *supra*) the evidence may not be submitted to this Court because Demonchaux never identified or disclosed this material in discovery. Under Rule 26(a), FED. R. CIV. P., parties are required to disclose all documents they intend to use to support their claims. *See* Rules 26(a)(1)(A)(ii), FED. R. CIV. P. As the U.S. Supreme Court held in *Hickman* v. *Taylor*, 329 U.S. 495, 507 (1947), "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Therefore, Rule 37(c)(1), FED. R. CIV. P., provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion … unless the failure was substantially justified or is harmless.

The prohibition on a party's use of such non-disclosed information was enacted to "ensure that a party will not benefit from its own failure" to comply with discovery obligations. *See Perez* v. *Siragusa*, No. 05-cv-4873 (CPS)(JMA), 2008 WL 2704402, at *3 (E.D.N.Y. Jul. 3, 2008) (quoting *Update Art, Inc.* v. *Moddin Publishing Ltd.*, 842 F.2d 67, 71 (2d Cir. 1988)). "Preclusionary orders ensure that a party will not be able to profit from its own failure to comply." *Cine Forty-Second Street Theatre Corp.* v. *Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).

Here, Demonchaux was required to identify the online internet sources and the UBH and APA guidelines that were annexed to Kantor's Declaration as Exhibits "J", "K" and "L", which were submitted in support of Demonchaux's Opposition. *See* FED. R. CIV. P. 26(a). However, Demonchaux never identified these materials in discovery and instead waited to rely on this information in opposition to Oxford's motion for summary judgment. (*See* Demonchaux's Rule 26(a) Disclosure annexed to the Declaration of Michael H. Bernstein dated November 9, 2011 as Exhibit "A"). Given Demonchaux's failure to properly disclose this information in discovery, she is now precluded from relying on it in opposition to Oxford's dispositive motion. FED. R. CIV. P. 37(c); *see also, King* v. *Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry*, No. 01-cv-2604(ILG), 2003 WL 22071612 (E.D.N.Y. Sept. 5, 2003).

10

Moreover, Demonchaux's decision to withhold this evidence until faced with Oxford's motion for summary judgment cannot be considered harmless.  Demonchaux's Opposition relies on the UBH and APA guidelines, which are neither referenced in the Plan nor considered by Oxford in connection with her claim, to argue that her continued inpatient treatment was "Medically Necessary" under the Plan.  (*See* Doc. No. 35, Point II).  Demonchaux's Opposition also argues that Oxford's independent clinical reviewer was somehow less qualified to render an opinion on administrative appeal because he received "poor" scores on vitals.com, which rate a physician's "ease of appointment," "promptness," "bedside manner," etc.  (*See* Doc. No. 30, p. 12 n. 8).  As a result of Demonchaux's failure to disclosure this information in discovery, Oxford was prevented from investigating these allegations or serving discovery requests with respect to this information. Since Oxford was never given notice that Demonchaux intended to rely on these materials, this Court cannot now consider this evidence in determining whether Oxford's adverse benefit determination was arbitrary and capricious.

Accordingly, this Court should strike the referenced online internet sources and the UBH and APA guidelines submitted in Demonchaux's Opposition for her failure to disclose this information during discovery.

11

## **CONCLUSION**

Accordingly, this Court should strike those portions of Demonchaux's Opposition that are not part of the administrative record, not properly authenticated and that were not produced in discovery on the grounds that they are impermissible evidence and, therefore, this Court cannot consider this evidence in connection with Oxford's pending motion for summary judgment.

Dated    New York, New York
         November 9, 2011

Respectfully submitted,

s/
_____
MICHAEL H. BERNSTEIN (MB-0579)
JOHN T. SEYBERT (JS-5014)
BETSY D. BAYDALA (BB-5165)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
(Sedgwick File No. 3246-000087)
*Attorneys for Defendant*
Oxford Health Plans (NY), Inc.
s/h/a Unitedhealthcare Oxford

To:

Scott M. Riemer , Esq.
sriemer@riemerlawfirm.com
RIEMER & ASSOCIATES, LLC
60 East 42nd Street, Suite 1750
New York, NY 10165
Telephone: (212) 297-0700
Facsimile:  (212) 297-0730

Lisa S. Kantor, Esq.
lkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272
*Attorneys for Plaintiff*
*DOMINIQUE DEMONCHAUX*

12

## CERTIFICATE OF SERVICE

I, BETSY D. BAYDALA, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE THE IMPROPER EXTRA-RECORD SUBMISSIONS ATTACHED TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was served **via ECF and regular mail** on this 9th day of November, 2011, upon the following:

Scott M. Riemer
sriemer@riemerlawfirm.com
RIEMER & ASSOCIATES, LLC
60 East 42nd Street, Suite 1750
New York, NY 10165
Telephone: (212) 297-0700
Facsimile:  (212) 297-0730

Lisa S. Kantor, Esq.
lkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272
*Attorneys for Plaintiff*
*DOMINIQUE DEMONCHAUX*

Dated:       New York, New York
             November 9, 2011


                           s/
                           _____
                           BETSY D. BAYDALA (BB 5165)