EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD ZOLLER,                                    06 CV 0112 (KMK)

        Plaintiff,

    -against-

INA LIFE INSURANCE COMPANY OF NEW YORK,
and LUCENT TECHNOLOGIES INC.
LONG TERM DISABILITY PLAN
FOR MANAGEMENT EMPLOYEES,

             Defendants.
-----------------------------------------------------------------X

HERBERT EISENBERG, an attorney admitted to practice before this Court declares

pursuant to 28 U.S.C. §1746, under penalties of perjury that the following is true

and correct:

    1.     I am a member of the firm of Eisenberg & Schnell, LLP. I submit this

declaration in support of plaintiff's application for attorney fees and costs.

    2.     I received my J.D. from the State University of New York at Buffalo,

Faculty of Law and Jurisprudence in 1983, and was admitted to the Bar of the

State of New York in 1984. I am admitted to practice before the United States

Circuit Court of Appeals for the Second Circuit and the United States District

Courts for the Southern and Eastern Districts of New York.

    3.     Since admission to the bar, approximately 98 percent of my

practice has been devoted to representation of employees or former

employees in employment related litigation primarily in the substantive areas of

employment contracts, employment discrimination and the Employee

Retirement Income Security Act of 1974, as amended (ERISA).

4.     I have spoken at several seminars and continuing legal education programs on substantive employment law and employment related litigation issues including ERISA and attorney fees in employment cases. I have taught an employment law class as a member of the adjunct faculty of New York Law School and I have testified before the United States Department of Labor, Pension Advisory Board in Washington D.C.

5.     In addition to my litigation experience, I am on the Executive Board of the National Employment Lawyers Association (NELA). I am also a past president of the New York Chapter of the, New York Chapter (NELA/NY). The National Employment Lawyers Association is a national organization of over 3000 attorneys whose practices involve the plaintiff representation in employment related disputes. I have been a second circuit representative to its amicus advisory committee and a co chair of its ethics and sanctions committee. I have also been co-chair of NELA/NY's attorney fee committee as well as its amicus committee. NELA's New York Chapter is one of its largest affiliates with over 300 members. Through my experience, I am familiar with the fee practices of attorneys practicing the area of ERISA litigation. It is also my understanding that my attorney fee practices are common for attorneys who generally work in these areas of the law.

6.     My present hourly rate is $600 per hour though I often charge a lower hourly rate depending on the circumstances of the client's economic ability and the nature of my representation. In addition, I often represent

individual litigants at a reduced hourly rate in anticipation that I will receive my fee at the conclusion of the case by way of a prevailing party attorney fee award.

7.    I have known Scott Riemer for approximately 18 years.  Through this period we have had occasion to discuss many issues arising under litigation generally and ERISA litigation specifically.  I have found Mr. Riemer's comments to be knowledgeable, resourceful and insightful.  I have relied on Mr. Riemer's knowledge in understanding complex ERISA issues and I believe him to one of the few people in New York who understand how best to litigate a claim arising under ERISA on behalf of a plaintiff.

8.    I believe his request for an hourly rate of $560 per hour is entirely reasonable.

9.    I'm not associated with either party in this action and have no financial interest in the outcome of this case. I am not being paid for submission of this declaration.

Dated: January 23, 2009

Herbert Eisenberg
Eisenberg & Schnell, LLP
233 Broadway, Suite 2704
New York, New York 10279
(212) 966-8900

---------------------------------------------------------------------X

RICHARD ZOLLER,                                          06 CV 0112 (RJS)

        Plaintiff,

        -against-

INA LIFE INSURANCE COMPANY OF NEW YORK,
and LUCENT TECHNOLOGIES INC.
LONG TERM DISABILITY PLAN
FOR MANAGEMENT EMPLOYEES,

                Defendants.
---------------------------------------------------------------------X

## DECLARATION OF DANIEL FEINBERG IN SUPPORT OF PLAINTIFF'S
## APPLICATION FOR ATTORNEYS' FEES

I, Daniel Feinberg, declare:

1.     I am a member in good standing of the Bar of the State of California and a shareholder in
the law firm of Lewis, Feinberg, Lee, Renaker & Jackson, P.C. ("LFLRJ"). I have personal knowledge
of the facts set forth in this declaration and could and would testify competently to them.

2.     I am a 1988 graduate of Boalt Hall School of Law at the University of California at
Berkeley. I was hired by the firm then known as Sigman & Lewis as an associate in 1988 and became a
partner in 1993. I have specialized in employee benefits law since joining the firm. I have been active
in the National Employment Lawyers Association and spoke at their 1992, 1996, 1998 and 1999 Annual
Conferences. I have presented papers at many other legal conferences, including the 1994 - 1997 and
2000 Annual Meetings of the American Bar Association, the 1999, 2001 and 2003 Annual Meetings of
the Western Pension and Benefits Conference, the 2005 and 2006 Los Angeles Benefits Conferences,
and numerous West Legal Works' ERISA Litigation Conferences from 1995 to the present. I am also a
contributing editor on pension law for a legal reference book published by Little, Brown and Company
in 1995, and a contributing author to the 2000, 2003, 2006 and 2008 Supplements to the ABA Section of
Labor and Employment Law's book entitled Employee Benefits Law. My other publications include
ERISA Litigation Reporter, "*Abatie v. Alta Health* - A Victory for Plaintiffs on the Standard of

Review," Vo. 14, No. 5, September-October 2006; The Practical Lawyer, "Independent Contractors, Leased Employees and Other Contingent Workers," Vol. 47, No. 2, March 2001; ERISA Litigation Reporter, "*Wetzel v. Lou Ehlers Cadillac Group LTD*: Distinctions Without a Difference?", October 2000; ERISA Litigation Reporter, "*Varity Corp. v. Howe*: The Plaintiff's Perspective", Vol. 5, No. 2, June 1996 (co-author with Jeffrey Lewis); Labor Center Reporter, "*Varity Corp. v. Howe*", Vol. 298, Summer 1996 and "Have You Been Denied Health Benefits Recently?", Vol. 303, Spring 1998 (co-author with Tyler Weaver); Tax Management Compensation Planning Journal, "Claims Against ERISA Plan Service Providers", Vol. 23, No. 8, August 4, 1995 (co-author with Robert Pizzo).

3.      My published cases include *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc) (argued); *Comer v. Salomon Smith Barney*, 437 F.3d 1098 (9th Cir. 2006) (argued); *Lee v. California Butchers' Pension Trust Fund*, 154 F.3d 1075 (9th Cir. 1998) (argued); *Mongeluzo v. Baxter Travenol LTD Plan*, 46 F.3d 938 (9th Cir. 1995) (argued); *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449 (9th Cir. 1995) (on briefs); *Villegas v. The Pep Boys Manny Moe & Jack of Cal.*, 551 F.Supp.2d 982 (C.D. Cal. 2008); *Arrez v. Kelly Services, Inc.*, 522 F. Supp. 2d 997 (N.D. Ill. 2007); *Arora v. Hartford Life and Annuity Ins. Co.*, 519 F.Supp.2d 1021 (N.D. Cal. 2007); *Weis v. Accidental Death & Dismemberment Ben. Plan of Kaiser Foundation*, 442 F. Supp. 2d 850 (N.D. Cal. 2006); *Bell v. Exec. Comm. of the UFCW Pension Plan for Employees*, 191 F.Supp.2d 10 (D.D.C. 2002); and *Levin v. Unum Life Ins. Co.*, 33 F.Supp.2d 1179 (N.D. Cal. 1998). The *Abatie* decision established a new standard of review for employee benefits cases in the Ninth Circuit where the party deciding a benefit claim has a financial conflict of interest. The *en banc* decision has already been cited more than 100 times since it was issued.

4.      In November 2003, The Recorder newspaper gave me honorable mention in the category of top attorney for ERISA plaintiffs in the San Francisco Bay Area. I have also been named a "Northern California Super Lawyer" for the last three years.

5.      I have served as a private mediator in ERISA-related litigation matters, including a class action in the Middle District of Florida wherein I was appointed Special Master by the Court for settlement purposes. I have also served as an expert witness in ERISA-related litigation.

6. I am serving or have served as lead or co-counsel in numerous ERISA class actions, including cases against Pacific Lumber Company, Lone Star Steel Company, Color Tile, and four related class actions in the District of Oregon arising from the largest pension investment fraud in U.S. history, consolidated as *In Re Consolidated Capital Consultants Litigation*, Civil Case No. 00-1290-KI. The Capital Consultants class actions have resulted in settlements of approximately $13 million. I am also serving or have served as lead or co-counsel in numerous vacation pay class actions, including class actions against Providian, CKE Restaurants, Inc., Adecco, Sodexho, Inc., Vicorp Restaurants, Inc., Securitas Security Services USA, Inc., and Gottschalks, Inc.

7. LFLRJ is one of the few law firms in the United States that specializes in representing plaintiffs in employee benefits litigation. Because the Employee Retirement Income Security Act of 1974 (ERISA) provides for federal jurisdiction, ERISA litigation specialists are able to represent clients in the District Courts throughout the United States after being admitted *pro hac vice*. For example, my firm has represented clients in litigation in the United States District Courts for the District of Connecticut, the Southern District of New York, the Southern District of Illinois, the District of Oregon, the Western District of Pennsylvania, and the Middle District of North Carolina, in addition to many actions in the District Courts of California. Therefore, the relevant community for determining the prevailing market rate is the national community of ERISA specialists.

8. My hourly litigation rate since August 2008 has been $650 per hour. Based on my knowledge of the relevant community of ERISA specialists and my experience in ERISA litigation, I believe that my hourly rate is reasonable and within market rate for attorneys at my experience level. In 2008, the Northern District of California awarded attorneys' fees to me at the hourly rate of $575. *Caplan v. CNA Financial Corp.*, 573 F.Supp.2d 1244, 1249-50 (N.D.Cal. 2008). In 2007, the Central District of California also awarded attorneys' fees to me at the hourly rate of $575. *Hawkins-Dean v. Metropolitan Life Ins. Co.*, 2007 WL 2735684, *1 (C.D.Cal. 2007) ("the Court finds the hourly rate of Mr. Feinberg [$575] . . to be reasonable").

9. I have known Scott M. Riemer for approximately nine years. LFLRJ was co-counsel with him in a putative class action under ERISA, Dunnigan v. Metropolitan Life Ins. Co., 277 F.3d 223

(2nd Cir. 2002). In that case, Mr. Riemer successfully argued for a reversal before the Second Circuit.

     10.     I believe that based on Mr. Riemer's reputation, experience and knowledge of ERISA, his rate of $560.00 per hour is entirely reasonable.

     11.     I have no financial interest in the outcome of this litigation. I have not been paid for my time to submit this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of January, 2009 in Oakland, California

Daniel Feinberg

**EXHIBIT I, p. 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————————x     06 CV 0112 (KMK)

RICHARD ZOLLER,

       Plaintiff,

    - against -                                      **AFFIRMATION**

INA LIFE INSURANCE COMPANY OF NEW YORK,
and LUCENT TECHNOLOGIES INC. LONG TERM
DISABILITY PLAN FOR MANAGEMENT EMPLOYEES,

       Defendants.

———————————————————————————————x

    EDGAR PAUK, an attorney duly admitted to the practice of law in the State of New

York and before this Court, affirms as follows under penalty of perjury:

    1. I make this Affirmation in support of the hourly rate of $ 560 applied for by Scott M.

Riemer, whom I have known and worked with for the last ten years.

    2. For the past 28 years my exclusive area of practice has been ERISA litigation on

behalf of employees. My Curriculum Vitae is attached hereto. My current hourly rate is $ 600.

    3. In order to keep abreast of the latest development in the law, I review every ERISA

decision issued across the country and e-mailed to me by Westlaw on the daily basis. In the

overwhelming majority of cases, plaintiffs are unsuccessful in reversing a plan administrator's

denial of long term disability benefits. It is even less common for a plaintiff to prevail pursuant

to the arbitrary and capricious standard applied by the Court in this case.

    4. I am familiar with the decision in this case, *Zoller v INA Life*, 2008 WL 3927462

(SDNY, Aug 25, 2008), and the excellent result obtained by Mr. Riemer. His success in

obtaining both a reversal and an award of benefits is very rare. The hourly rate sought by Mr.

Riemer, $ 560, is fully justified by his experience, the scarcity of plaintiffs' attorneys in ERISA cases, and his success in this case.

5. The low rate of success by plaintiffs in ERISA cases is due in no small part to the fact that their attorneys, unlike defendants' attorneys, have little experience in litigating ERISA cases, because they cannot afford to litigate many cases on a contingent basis. An attorney of Mr. Riemer's ERISA litigation experience representing employees in the area of long term disability benefits is quite rare. He could certainly pursue a more lucrative and secure practice in representing defendants.

6. I know from personal experience that representing individual plaintiffs in ERISA cases is often more difficult and time-consuming than class action litigation and far less remunerative and, if successful, is then followed by another battle for fees, as is the case here. As a consequence, most attorneys with ERISA expertise will simply not represent individual participants. Mr. Riemer is one of the few experienced ones who does.

7. The fact that the overwhelming majority of ERISA plaintiffs cannot afford to pay their attorneys, but retain them on a contingency basis, makes it difficult to determine a fair market rate "in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation," as required by *Blum v Stenson*, unless the Court takes into account the rates paid by defendants to their attorneys.

8. I am quite familiar with the rates charged by defense attorneys with Mr. Riemer's degree of expertise who almost invariably are partners in medium and large size firms. They are paid from $ 600 to $ 1,000 per hour, even though their representation of defendants is not contingent on success. Pursuant to Supreme Court's jurisprudence, however, the risky nature of contingency work should be reflected in a higher hourly rate for plaintiffs' attorneys with

comparable experience.

9. The fact that Mr. Riemer is a solo practitioner, rather than a partner in a law firm, does not justify reducing his hourly rate. The Second Circuit has held that "it would be error to use an attorney's status as a solo practitioner as an automatic deduction or shortcut for determining the reasonable hourly rate." *McDonald v NYSA-ILA Pension Fund*, 450 F3d 91, 98, n. 6 (2d Cir 2006). The Court also eschewed using some form of "blended" hourly rate for a solo practitioner to account for tasks that could have been accomplished by an associate, if the solo practitioner employed associates. *Id*, at 98-99.

10. I have the highest regard for Mr. Riemer's ERISA expertise, his competence as an attorney, and his ethical standards. He is one of only a handful of attorneys in New York City to whom I would and do refer clients. He is clearly worth the $ 560 hourly rate he seeks.

Dated: New York, New York
        January 16, 2009

EDGAR PAUK (EP-1039)

# EDGAR PAUK
## CURRICULUM VITAE

**EDUCATION:**     B.A. University of Pennsylvania, 1960;
L.L.B. Yale Law School, 1963;
Ph.D. Yale Graduate School, 1970.

## LEGAL EXPERIENCE:

**Since May 1999**: Law Offices of Edgar Pauk, specializing in litigating violations of ERISA's minimum accrual standards in defined benefit plans on behalf of participants and beneficiaries.

**1980 to May 1999:** Legal Services for the Elderly Poor: Deputy Director and Senior Attorney, specializing in ERISA litigation, and providing ERISA training and support to other Legal Services and Legal Aid programs in New York City.

**1976 to 1980**: Layton and Sherman: Commercial litigation and international arbitration.

## PROFESSIONAL EXPERIENCE:

- U.S. Department of Labor Advisory Council on Employee Welfare and Pension Benefit Plans (1989-1992);
- Founder and Director, The New York Pension Hotline, one of ten Pension Demonstration Projects financed by the U.S. Administration on Aging. The Hotline provided free legal advice on pensions issues to New York State residents from 1993 to 2003;
- New York City Bar Association: Committees, Legal Assistance, Employee Benefits, Administrative Law, and Provision of Legal Services to Persons of Moderate Means;
- National Pension Assistance Project Lawyers Advisory Committee, Pension Rights Center;
- ABA, Labor Section, Employee Benefits Committee.

## LEGAL PUBLICATIONS:

- "ERISA and the Unlawful 'Backloading' of Pension Benefits", *Clearinghouse Review*, Sept-Oct 1997, pp. 228-232;
- "When Does the Statute of Limitations for Article 78 Special Proceedings Begin to Run? A Proposed Amendment to CPLR § 217", *The Record*, June 1990, pp. 661-669 (for the Committee on Administrative Law of the Association of the Bar of the City of New York);
- "*Firestone v Bruch* and the 'Colorable Claim' Requirement: The Right of Former Participants and their Beneficiaries to Plan Information and Documents", *The Record*, March 1991, pp.181-188 (for the Committee on Employee Benefits of the Assoc of the Bar).

**TESTIMONY**

- Invited to testify in 1997 before the Senate Committee on Aging regarding the obstacles standing in the way of many retirees's obtaining their pensions;
- Invited to testify before the US Department of Labor's ERISA Advisory Council on pension information and disclosure issues;
- Invited to testify in 1992 before the Subcommittee On Retirement Income And Employment, House Select Committee On Aging, regarding problems encountered by retirees in obtaining assistance with their pension problems.  Provided extensive written recommendations for systemic changes.

**OTHER PROFESSIONAL EXPERIENCE:**

- Taught, Yale College and Queens College, City University of New York;
- Fulbright Scholar to Spain;
- V.P. for Senior Colleges, and Chairman of Grievance Committee, United Federation of College Teachers, AFL-CIO 1460, City University of New York; participated in all phases of collective bargaining between the faculty and the New York City Board of Higher Education.

**LANGUAGES:**  Italian, Spanish, French, German, Latin.

January 2009

# EDGAR PAUK: SUPPLEMENT TO CURRICULUM VITAE

1. I am a 1963 graduate of Yale Law School, and a member in good standing of the Bar of the State of New York, as well as of the Southern, Eastern, and Northern Districts of New York, the United States Court of Appeals for the Second and Sixth Circuits, and the United States Supreme Court.

2. Since 1980 - for 19 and a half years as Deputy Director and Senior Attorney at Legal Services for the Elderly Poor , and since May 1999 in my own law office - I have specialized in ERISA litigation exclusively on behalf of employees.

3. My most recent successes are *In Re Citigroup ERISA Litigation*, 470 FSupp2d 323 (SDNY 2006) (co-lead counsel in certified class action - presently on appeal before the Second Circuit - in which the District Court granted summary judgment to Plaintiffs); *Novella v Westchester County, New York Carpenters' Pension Fund*, 2007 WL 2582171 (SDNY, Sept 10, 2007), and 2008 WL 1743342 (SDNY, Jan 14, 2008) (Magistrate Judge Francis' recommendation that the Court grant summary judgment to a certified class of plaintiffs, and Judge Jones' adoption of the recommendation, respectively); and *Medoy v Warnaco Employees Long Term Disability Plan*, 581 FSupp 403 (EDNY 2008) (reversing the denial of long term disability benefits and granting benefits to plaintiff retroactive to September 1, 1987).

4. I am also counsel for Plaintiffs in other Certified Class Actions, including *In re JP Morgan Chase Cash Balance Litigation*, 460 FSupp2d 479 (SDNY 2006), and *Engers v AT&T Management Pension Plan*, 98 Civ 3660 (NHP) (NJDC).

5. Over the years I won a number of precedent-setting decisions: *McDonald v NYSA-ILA Pension Plan*, 320 F3d 151 (2d Cir 2003) (establishing the application of ERISA's "rule of

parity" to cancel pre-ERISA breaks in service; *McDonald v NYSA-ILA Pension Fund*, 450 F3d 91 (2d Cir 2006) (rejecting "using an attorney's status as a solo practitioner as an automatic deduction or shortcut for determining the reasonable hourly rate," and eschewing using some form of "blended" hourly rate to account for tasks that could have been accomplished by an associate if the solo practitioner employed associates); *Larsen v NMU Pension Trust*, 902 F2d 1069 (2d Cir 1990) (establishing the date of accrual of a claim for survivor's benefits); *Miele v NYS Teamsters Pension Fund*, 831 F2d 407 (2d Cir 1987) (establishing that market rates are applicable to legal services attorneys in ERISA cases); *DeVito v Local 819 Pension Plan*, 975 FSupp 258 (SDNY 1997) (the first reported decision on the "backloading" of pension benefits by the misapplication of a Social Security offset); *Carollo v Cement & Concrete Workers Pension Plan*, 964 FSupp 677 (EDNY 1997) (the first reported decision on the "backloading" of pension benefits by changing the base of the computation of benefits); *LoGrande v Local 851 Employer Group Pension Plan*, 695 FSupp 92 (EDNY 1988) (the first reported decision enforcing DOL Regulations on the maximum offset from pension benefits applicable to "overpayments" resulting from a pensioner's return to covered employment); *Bologna v NMU Pension Trust*, 654 FSupp 637 (SDNY 1987) (the first decision holding that ERISA Trustees acted *ultra vires* in shortening the statute of limitations otherwise applicable to ERISA benefit claims).

6. I have been active in the past in several committees of the New York City Bar Association, namely Legal Assistance, Employee Benefits, Administrative Law, and Provision of Legal Services to Persons of Moderate Means. I am a member of the National Pension Assistance Project Lawyers Advisory Committee, Pension Rights Center, and currently a member of the Special Committee on Pension Simplification of the New York State Bar Association.

7. I was the Founder and Director of "The New York Pension Hotline," one of ten Pension Demonstration Projects funded by the United States Administrating on Aging. The Hotline answered questions and provided legal advice on pension and other employee benefit matters to callers from throughout New York State and to New Yorkers retired in other states.

8. For many years I was active in training other attorneys, both in Legal Services/Legal Aid and in the private bar, who wished to represent ERISA claimants, but lack the required expertise. I have trained attorneys in New York City, under the auspices of Legal Services for New York City and the National Employment Lawyers' Association ("NELA"), and in Washington, D.C., under the auspices of NELA, the American Association of Retired Persons, and the District of Columbia Bar. I have also lectured to law students on ERISA, including at the Cardozo Law School Legal Clinic. In May 1999 I was invited by Glasser Legal Works to participate on a Panel discussing Cash Balance Pension Plans in San Francisco and New York City, and by the Alabama Bar Institute to provide ERISA training to Alabama attorneys as part of their Continuing Legal Education Program.

9. In 1989 the United States Secretary of Labor appointed me for a three-year term to represent the nation's retirees on the ERISA Advisory Council, a statutory fifteen-member body established by Section 512 of ERISA, 29 USC § 1142. It is the Council's task to hold hearings and issue reports and recommendations on ERISA issues to the Secretary of Labor, who, in turn, is required to report the Council's recommendations to Congress.

10. I was invited to testify in the United States Congress before the Select Committee on Aging and the Senate Committee on Aging, regarding the difficulties many retirees encounter who are wrongfully denied pensions, or receive them in the wrong amount, in finding legal representation, let alone competent legal representation. Moreover, my opinion has been sought

and quoted by the press regarding pensions and the inability of poor and middle class participants and beneficiaries to afford attorneys to represent them.

11. I have also filed *amicus* briefs in the Second, Sixth and Ninth Circuits, and have been requested by the Second Circuit to represent *pro se* appellants in ERISA cases.

Dated: New York, New York
      January, 2009

                                        EDGAR PAUK (EP-1039)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD ZOLLER,                                    06 CV 0112 (KMK)

        Plaintiff,

    -against-

INA LIFE INSURANCE COMPANY OF NEW YORK,
and LUCENT TECHNOLOGIES INC.
LONG TERM DISABILITY PLAN
FOR MANAGEMENT EMPLOYEES,

        Defendants.
-----------------------------------------------------------------X

    ROBERT BACH, an attorney admitted to practice before this Court declares pursuant to

28 U.S.C. §1746, under penalties of perjury that the following is true and correct:

    1.    I am a solo practitioner practicing in New York, New York. I submit this

declaration in support of plaintiff's application for attorneys fees and costs.

    2.    I received my J.D. from New York University School of Law. I was admitted to

the Bar of the State of New York in 1969. I am also admitted to practice before the U.S. Courts

of Appeals for the Second and Third Circuit and the District Courts for the Southern and Eastern

Districts of New York.

    3.    Following law school I was employed by the Amalgamated Clothing Workers of

America, subsequently the Amalgamated Clothing and Textile Workers Union, and was, through

1987, the union's main ERISA counsel. I was responsible for ERISA compliance for the union's

single and multi employer plans, which provided pension, medical, disability, and other benefits

to plan participants in plans which had over 250,000 participants. I counseled the plan trustees,

their committees and supervised other attorneys. I was also the counsel to the union's staff

retirement, medical, disability and other plans and supervised the plans' claims and appeals

procedures.

4.     In 1987, I was employed by the law firm of Eisner and Levy and in addition to the above responsibilities, became counsel to several additional ERISA plans, also providing pension, health and disability and other benefits with 100,000 participants and over $2 billion in assets.

5.     One of my specific functions was to sit as counsel to the appeals committees of those plans and supervise the adjudication of the appeals.

6.     In 1989, I established my own office and continued my representation of employee benefit plans.  I also began representing participants of employee benefit plans claiming pension medical and disability claims, either in the administrative claims process or in court.  Today, I predominately represent plan participants.

7.     Since I began practicing employee benefit law, which predates the passage of ERISA, I have been involved with hundreds of claims for employee benefits as well as numerous court cases.  Listed below is a sampling of the employee benefit court cases that I have litigated:

*Tholke v. Unisys Corp, et al.*, 2007 US App. LEXIS 13419 (2nd Cir. June 7, 2007);

*Wilkins v. Mason Tenders District Council Pension Fund*, 445 F.3d 572 (2nd Cir. 2006);

*Veltry v. Building Service Employees 32 B-J Pension Fund*, 2004 US App. LEXIS 26821 (2004);

*ACTWU v. Murdock*, 861 F.2d 1406 (CA 9, 1988);

*In re Syntax Fabric's Pension Plan*, 698 F.2d 199 (CA 3, 1983); and,

*Carner v. MGS - 576 5th Ave. v Empire Blue Cross*, 992 F. Supp 340 (SDNY 1998)

8.     Since 1991, I have been on the "recommended list" for employee benefit case referrals of the Legal Referral Service of the Association of the Bar of the City of New York. I

have been a member of the panels that review the applications of attorneys who wish to be placed on the Legal Referral Service's employee benefit referral panels.

9.      In September, 2001, I was a member of the Task Force established by the Bar Association to assist individuals affected by the 9/11 tragedy.  I set up and was in charge of the panel of attorneys who volunteered to provide assistance to individuals and businesses in need of employee benefit assistance, and to interface with the Department of Labor and Internal Revenue Service with respect to ERISA issues created by 9/11.

10.     In addition to my litigation experience, I have been active in the Employee Benefits Committee of the Labor Section of the American Bar Association.  From 1984 – 1987, I was the Co-Chair of the Employee Benefits Committee.  Prior to and subsequent to Chairing the Committee, I was co-chair of various subcommittees: Multi-employer Plans, 1981-84; Welfare Plans, 1987 - 1994; 2002 - 2005; Practice and Procedure, 2006 to present.

11.     In 1987, I was the Chair of the American Bar Association's Joint Committee of Employee Benefit Committee, which is a committee formed by the Tax, Corporation, Labor and Employment Law, Insurance, and Real Property and Trusts Sections of the Bar Association to coordinate the activities of the five sections.

12.     I have been a frequent speaker at the American Bar Association meetings and Chaired a Presidential Show Case meeting at the Annual Bar Association meeting in San Francisco in 1987 on Employee Benefit Welfare plans.

13.     I have also been active in the Labor Sections treatise "Employee Benefits Law", published by BNA Books.  In the First Edition I was a Chapter Editor for the Welfare Plans section.  In the Second Edition I was a Contributing Author.

14.     Through my experience, I am familiar with the fee practices of attorneys practicing the area of ERISA litigation. It is my understanding that my attorney fee practices are common for attorneys to work in these areas of the law.

15.     My present hourly rate is $500 per hour.

16.     I have known Scott Riemer for several years, and before knowing him I knew of him. Mr. Riemer is a nationally known expert in the area of ERISA litigation. I believe his request for an hourly rate of $560 per hour is entirely reasonable.

17.     I'm not associated with either party in this action and have no financial interest in the outcome of this case. I am not being paid for submission of this declaration.

Dated: January 15, 2009

Robert Bach (RB2571)
60 East 42nd Street, 40th Floor
New York, New York 10165
(212) 867-4455