RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com

KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886-2525
lkantor@kantorlaw.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DOMINIQUE DEMONCHAUX,                                        10 CV 4491 (DAB)

                   Plaintiff,

       -against-

UNITEDHEALTHCARE OXFORD and
OXFORD HEALTH PLANS (NY), INC.,

                  Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF AN AWARD OF
ATTORNEYS' FEES AND COSTS**

Of Counsel:

Scott M. Riemer
Lisa S. Kantor

TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT ................................................................................................................................. 3

      I.        ATTORNEYS' FEES SHOULD BE AWARDED TO DEMONCHAUX ................. 3

             A.     DEMONCHAUX ACHIEVED "SOME DEGREE OF SUCCESS ON
                    THE MERITS" BECAUSE THIS COURT REMANDED HER CLAIM
                    TO OXFORD ................................................................................................. 3

             B.     EVEN IF *ARGUENDO*, THE *CHAMBLESS* FACTORS APPLY, ALL
                    OF THE *CHAMBLESS* FACTORS FAVOR DEMONCHAUX ................. 6

                    1.   Oxford Engaged In Culpable Conduct ............................................ 8

                    2.   Oxford Has The Ability To Satisfy An Award Of Attorneys' Fees ............ 9

                    3.   An Award Of Attorneys' Fees Would Deter Others
                        From Acting Similarly Under Like Circumstances ........................ 9

                    4.   The Merits Favor Demonchaux ...................................................... 10

                    5.   The Action Conferred A Common Benefit ................................... 10

      II.       THE COURT SHOULD AWARD $88,042.50 IN ATTORNEYS' FEES ................. 11

             A.     THE HOURLY RATES REQUESTED REFLECT THE
                    PREVAILING MARKET RATES ................................................................ 11

              B.     THE NUMBER OF HOURS REQUESTED BY DEMONCHAUX IS
                    REASONABLE .......................................................................................... 15

     III.      THE COURT SHOULD AWARD $1,284.30 IN COSTS ............................................ 16

CONCLUSION ............................................................................................................................ 17

<u>TABLE OF AUTHORITIES</u>

*Algie v. RCA Global Communications, Inc.*, 891 F. Supp. 875 (S.D.N.Y. 1994),
*aff'd*, 60 F.3d 956 (2d. Cir. 1995) ...................................................................................... 16-17

*Alternative Care Systems v. Metropolitan Life Ins. Co.*, 1996 U.S. Dist. LEXIS 1705
(S.D.N.Y. Feb. 15, 1996) ......................................................................................................... 7

*Anita Founds., Inc. v. ILGWU Nat'l Ret. Fund*, 902 F.2d 185 (2d Cir. 1990) ............................. 7

*Arbor Hill Concerned Citizens Neighborhood Ass. v. County of Albany*, 522 F.3d 182
(2d Cir. 2007) ..................................................................................................................... 11-12

*Blanchard v. Bergeron*, 489 U.S. 87 (1989) ............................................................................... 11

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987) ........... 3, 6-9, 11

*Clark v. First Unum Life Ins.*, 2009 U.S. Dist. LEXIS 36054 (S.D.N.Y. Apr. 28, 2009) ............ 10, 15

*Cohen v. Metropolitan Life Ins. Co.*, 2007 U.S. Dist. LEXIS 86099 (S.D.N.Y. Nov. 21, 2007) .......... 5, 10

*Cook v. N.Y. Times Co. Long-Term Disability Plan*, 2004 U.S. Dist. LEXIS 8306
(S.D.N.Y. Apr. 13, 2004) ........................................................................................................ 4-5

*Davis v. New York City Housing Authority*, 2002 U.S. Dist. LEXIS 23738
(S.D.N.Y. Dec. 6, 2002) ........................................................................................................... 12

*Dine v. Metropolitan Life Ins. Co.*, U.S.D.C. Central Dist. Case No. CV 05-3773 RSWL ............ 13-15

*Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149 (2010) ................................... 1, 3-4, 6-8,

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................................... 11

*Juliano v. The Health Maintenance Org. of New Jersey, Inc.*, 2001 U.S. Dist. LEXIS 17140
(S.D.N.Y. Sep. 24, 2001) ........................................................................................................... 9

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) ................................................. 11-12

*Levitian v. Sun Life and Health Ins. Co.*, *2012 U.S. App. LEXIS 12340* (2d Cir. June 19, 2012) ......... 6

*Lijoi v. Cont. Cas. Co.*, 2006 U.S. Dist. LEXIS 5344 (E.D.N.Y. Feb. 13, 2006) ......................... 8, 10

*Locher v. UNUM Life Ins. Co. of Am.*, 389 F.3d 288 (2d Cir. 2004) ........................................ 7-10

*Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir. 1997) ............................................................... 11

*Mason Tenders Dist. Council Welfare Fund v. Leed's Constr. Corp.*, 2001 U.S. Dist. LEXIS 887
(S.D.N.Y. Jan. 30, 2001) .......................................................................................................... 12

*Mendez v. TIAA-CREF,* 982 F.2d 783 (2d Cir. 1992) ................................................................ 6-7

*Miller v. United Welfare Fund,* 72 F.3d 1066 (2d Cir. 1995) .................................................... 6

*O'Rourke v. Pitney Bowes, Inc.,* 1997 U.S. Dist. LEXIS 17929 (S.D.N.Y Nov. 10, 1997) ............................ 7

*Paese v. Hartford Life and Accident Ins. Co.,* 2004 U.S. Dist. LEXIS 6040
(S.D.N.Y. Apr. 9, 2004) ................................................................................................ 9, 10

*Paese v. Hartford Life and Accident Ins. Co.,* 449 F.3d 435 (2d. Cir. 2006) ................................ 8, 10

*Palmiotti v. Metropolitan Life Ins. Co.,* 2006 U.S. Dist. LEXIS 37490 (S.D.N.Y. June 6, 2006) .................. 5

*Patrolmen's Benevolent Assn. of the City of New York v. The City of New York,*
2003 U.S. Dist. LEXIS 13472 (S.D.N.Y. July 29, 2003) ................................................................ 11-12

*Pomerleau v. Health Net of California, Inc.,* 2012 WL 5829850 (C.D.C.A. Nov. 15, 2012) ........................ 13

*Priestly v. Headminder, Inc.,* 647 F.3d 497 (2d Cir. 2011) ........................................................ 1

*Quatarino v. Tiffany & Co.,* 166 F.3d 422 (2d Cir. 1999) ........................................................ 16

*Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017 (4th Cir. 1993) .......................................... 6-8

*Simmons v. New York City Transit Auth.,* 575 F.3d 170 (2d. Cir. 2009) .......................................... 12

*Slupinski v. First Unum Life Ins. Co.,* 554 F.3d 38 (2d Cir. 2009) .............................................. 7

*Taaffe v. Life Ins. Co. of N. Am.,* 769 F. Supp. 2d 530 (S.D.N.Y. 2011) ...................................... 7, 13, 15

*Veltri v. Building Service 32B-J Pension Fund,* 2004 U.S. Dist. LEXIS 6834
(S.D.N.Y. Apr. 19, 2004) .............................................................................................. 7-9

*Virta v. Desantis Enterprises, Inc.,* 1996 U.S. Dist. LEXIS 17110 (N.D.N.Y. Nov. 7, 1996) ...................... 7

*Winkler v. Metropolitan Life Ins. Co,* 2006 U.S. Dist. LEXIS 56464 (S.D.N.Y. Aug. 10, 2006) .................. 15

*Winkler v. Metropolitan Life Ins. Co.,* 2006 U.S. Dist. LEXIS 70180 (S.D.N.Y. Sep. 28, 2006) ................ 5

*Zervos v. Verizon New York, Inc.,* 2002 U.S. Dist. LEXIS 22051 (S.D.N.Y. Nov. 13, 2002) ...................... 9

*Zoller v. INA Life Ins. Co. of New York,* 06-cv-0112 (RJS)(Orders of 7/29/09 and 8/6/09) .................... 13, 15

## FEDERAL STATUTES AND REGULATIONS

ERISA § 502(g)(1), 29 U.S.C. §1132(g)(1) ...................................................................... 1, 3, 5-6, 17

29 C.F.R. §2560.503-1 .............................................................................................................. 5

<u>PRELIMINARY STATEMENT</u>

This memorandum of law is submitted by Plaintiff Dominque Demonchaux ("Demonchaux") in support of her application for attorneys' fees under ERISA § 502(g)(1) in the amount of $88,042.50[1] and costs in the amount of $1,284.30.

As set forth in *Hardt v. Reliance Standard Life Ins. Co.,* 130 S.Ct. 2149 (2010), the requested fees should be granted because Demonchaux achieved "some success on the merits" when this Court remanded the matter to United Healthcare Oxford and Oxford Health Plans (NY), Inc. ("Defendant" or "Oxford") for further proceedings and, "reconsideration consistent with this [Court's] Memorandum and Order." (Memorandum and Order, entered December 20, 2012 ("12/20/12 Memorandum and Order"))(Doc. 44).[2] This Court determined that Defendant's decision to deny Demonchaux's benefits was without reason, unsupported by substantial evidence, and therefore arbitrary and capricious. *Id.* at 23, 26. Moreover, the Court necessarily held that Oxford failed to provide Demonchaux with a full and fair review. *Id.* at 27.

The requested fees are reasonable. In calculating the requested fees, Demonchaux used: (1) Riemer & Associates LLC's current hourly rates, which are paid by over 170 hourly rate clients; and (2) Kantor and Kantor, LLP's rates, which have been previously approved by the Courts in California. Such rates are fully commensurate with the rates charged by other attorneys within this District, and all of the hours spent on the case were necessary to achieve the outcome. Moreover, the requested fees of $88,042.50 already reflect a voluntary 10% reduction to account for any alleged inefficiency or redundancy. The Lodestar amount was $97,825.00. If, however, the Court believes

---

[1] $70,276.50 from the Kantor & Kantor, LLP, and $17,766.00 from Riemer and Associates, LLC.

[2] In the 12/20/12 Memorandum and Order denying Defendants Motion for Summary Judgment, vacating Defendant's determination denying plaintiff benefits, and remanding this case to the Plan Administrator, it also declined to exercise its discretion to grant Plaintiff's Motion for Summary Judgment, *sua sponte*, pursuant to *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011), and granted Defendant's Motion to Strike.

that the full amount of hours expended were reasonable, Demonchaux requests that the Court award all such time.

The requested costs of $1,284.30 merely seek to reimburse Demonchaux for *some*, but not all, of her necessary out-of-pocket expenses in vindicating her right to ERISA benefits.

ARGUMENT

I.   ATTORNEYS' FEES SHOULD BE AWARDED TO DEMONCHAUX

ERISA 502(g)(1), 29 U.S.C. §1132(g)(1), provides for an award of attorneys' fees and costs in

ERISA actions.  Section 502(g)(1) provides:

> In any action under this title (other than an action described in paragraph (2))
> by a participant, beneficiary, or fiduciary, the court in its discretion may allow
> reasonable attorney's fee and costs of action to either party.

This Court should award Demonchaux attorney's fees and costs because Demonchaux is

entitled to fees and costs under both:  (A) the *Hardt* standard; and, (B) the *Chambless* factors.[3]

A.   DEMONCHAUX ACHIEVED "SOME DEGREE OF SUCCESS ON
     THE MERITS" BECAUSE THIS COURT REMANDED HER CLAIM
     TO OXFORD

The Supreme Court's decision in *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158

(2010), materially changed the standard for granting attorney fees under Section 502(g)(1) of ERISA

requiring a modification of the existing Second Circuit standard of awarding attorney's fees.

Specifically, the Supreme Court interpreted ERISA 502(g)(1), even more liberally than the Second

Circuit standard of awarding attorney's fees to a "prevailing party."  *Id.  Hardt*, however, authorizes

a fee award even when the fee claimant is not a "prevailing party."  *Id.*  Rather, the fee claimant must

only show "some degree of success on the merits."  *Id.*  This standard is satisfied "if the court can

fairly call the outcome of the litigation some success on the merits without conducting a lengthy

inquir[y] into the question whether a particular party's success was substantial or occurred on a

central issue."  *Id.*  The standard, however, is not satisfied if the claimant achieves only "trivial

---

[3] The five *Chambless* factors are:  (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a group of plan participants. *Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 872 (2d Cir. 1987).

success on the merits or a purely procedural victor[y]." *Id.* In other words, fees may be granted to partially prevailing parties—parties achieving some success even if not a major success. *Id.* at 2157.[4]

*Hardt* is directly analogous to the instant case. In *Hardt*, the district court remanded the plaintiff's claim to the plan administrator for a full and fair review. *Id.* at 2154. The Supreme Court concluded that plaintiff achieved "some success on the merits" noting that plaintiff "persuaded the [d]istrict [c]ourt to find that 'the plan administrator [] failed to comply with the ERISA guidelines' and 'that [plaintiff] did not get the kind of review to which she was entitled under applicable law.'" *Id.* at 2158-59. In doing so, the Supreme Court rejected defendant's argument that "a court order remanding an ERISA claim for further consideration can never constitute some success on the merits." *Id.* The Supreme Court determined that even though Hardt failed to win summary judgment on her benefits claim, the district court's ordered review of the claim was "far more than 'trivial success on the merits' or 'purely a procedural victory'" and that the District Court properly exercised its discretion to award Hardt attorneys' fees in this case. *Id.* at 2159.

In this Circuit, courts routinely have awarded attorney's fees in matters involving a remand even prior to *Hardt* under the "prevailing party" standard as opposed to the current, more lenient, "some success on the merits" standard. In *Cook v. N.Y. Times Co. Long-Term Disability Plan,* Judge Lynch specifically rejected defendant's argument that "it should not be forced to pay fees" because plaintiff was granted a remand to the plan administrator as opposed to summary judgment and awarded plaintiff attorney's fees and costs:

> [T]his Court cannot and will not reduce the award by speculating about whether plaintiff's claim for benefits will ultimately fail[.] If plaintiff did not achieve all that she hoped for, in that the Court did not order that benefits be paid, that is simply because the record did not permit an unequivocal finding of disability. But there is no doubt that plaintiff <u>prevailed</u> in the litigation, and achieved a successful outcome by convincing the Court that the defendant had not fairly decided her claim.

---

[4] Fees may not be awarded for a "trivial success on the merits" or for a "purely procedural victory." *Id.* at 2158.

2004 U.S. Dist. LEXIS 8306, *5-6 (S.D.N.Y. Apr. 13, 2004)(emphasis added).  *See also Cohen v. Metropolitan Life Ins. Co.,* 2007 U.S. Dist. LEXIS 86099, *5-6 (S.D.N.Y. Nov. 21, 2007) (explaining that fees and costs may be awarded pursuant to [§1132(g)(1)] to a plaintiff who obtains the vacatur of an insurance company's denial of benefits and a remand for further reconsideration); *Winkler v. Metropolitan Life Ins. Co.,* 2006 U.S. Dist. LEXIS 70180, *12-13 (S.D.N.Y. Sep. 28, 2006)(same); *Palmiotti v. Metropolitan Life Ins. Co.,* 2006 U.S. Dist. LEXIS 37490, *2 (S.D.N.Y. June 6, 2006)(same).

Here, Demonchaux is entitled to fees because she achieved "some success on the merits." The Court held that Oxford's initial and appeal denials were "without reason and supported by substantial evidence, and was therefore arbitrary and capricious."  (12/20/12 Memorandum and Order at 23, 26).  For example:

- Defendant found the exact same body of evidence to be sufficient to certify Plaintiff's continued treatment on August 7, 2009, and insufficient 3 days later. (12/20/12 Memorandum and Order at 16).

- Defendant upheld its denial after Plaintiff's treatment facility provided new information on August 13 suggesting that on August 10, Plaintiff was, at best, the same as, and more likely medically worse than, Defendant had believed her to be  when it certified her for continued treatment on August 7th.  *Id.*

- Plaintiff's medical condition had deteriorated from the date of last certification, August 3, to the date of denial, August 10, as she had lost weight, was engaging in self-injurious behavior and had strong urges to self-harm wherein "no reasonable person could find that Plaintiff's medical condition had improved between those dates." *Id.* at 18.

- Defendant's conflict of interest actually affected its decision to decertify Plaintiff's treatment. *Id.* at 21.

Moreover, the Court necessarily held that Oxford denied Demonchaux a full and fair review by failing to follow the administrative scheme mandated by the regulations issued by the Department of Labor in 29 C.F.R. §2560.503-1:

- Defendant ignored its own policy when it denied plaintiff the opportunity for reconsideration of the adverse determination. *Id.* at 19-21, 27.

5

- Defendant's reviewing doctor made no attempt to contact the Plaintiff's treating facility prior to issuing its denial. *Id.* at 20.

As a result, fees should be awarded to Demonchaux under the *Hardt* standard because:  (1) Demonchaux achieved "some degree of success on the merits;" (2) a remand back to the plan administrator is enough; and (3) she convinced this Court that Oxford's determination was arbitrary and capricious and that she was denied a full and fair review.

### B.  EVEN IF *ARGUENDO*, THE *CHAMBLESS* FACTORS APPLY, ALL OF THE *CHAMBLESS* FACTORS FAVOR DEMONCHAUX

Prior to *Hardt,* courts in this Circuit have traditionally applied five factors when determining whether attorney fees should be granted:  (1) the degree of the offending party's culpability or bad faith; (2) the ability of the offending party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter other persons from acting similarly under like circumstances; (4) the relative merits of the parties' positions; and (5) whether the action conferred a common benefit on a group of plan participants.  *Miller v. United Welfare Fund*, 72 F.3d 1066, 1074 (2d Cir. 1995) (citing *Chambless,* 815 F.2d at 872); *Mendez v. TIAA-CREF*, 982 F.2d 783, 788 (2d Cir. 1992).

The Supreme Court in *Hardt*, however, has called into question the continued validity of the five factors:

> Because these five factors[5] bear no obvious relation to §1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section.

130 S.Ct. at 2158.[6]  *Levitian v. Sun Life and Health Ins. Co.*, 2012 U.S. App. LEXIS 12340 (2d Cir. June 19, 2012)(reversing the denial of attorney's fees by the District Court because *Hardt* "abrogated" the

---

[5] In *Hardt*, the Supreme Court identified the "five factors" citing to *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993). Notably, the five factors identified in *Quesinberry* are identical to the *Chambless* factors.

[6] The Supreme Court, however, states in a footnote, "We do not foreclose the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under §

sole use of the *Chambless* factors as a basis of a fee determination and the District Court erroneously based its denial of attorney fees solely on the *Chambless* factors; *Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp. 2d 530, 542, *26 (S.D.N.Y. 2011)(Maas, M.J.)(determining that the Court need not address the five *Chambless* factors after finding that plaintiff achieved "some success on the merits").

Indeed, even prior to *Hardt*, courts within this Circuit have called into question the applicability of one or more of the factors in a given case. *Veltri v. Building Service 32B-J Pension Fund*, 2004 U.S. Dist. LEXIS 6834, at *5 (S.D.N.Y. Apr. 19, 2004)("The five factors are guiding criteria, but the party seeking the award need not establish all five and no one factor is dispositive."). S*ee also Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009) (citing *Locher v. UNUM Life Ins. Co. of America*, 389 F.3d 288, 298-99 (2d Cir. 2004)) ("failure to satisfy the fifth *Chambless* factor does not preclude an award of attorneys' fees"); *Mendez v. Teachers Ins. & Annuity Ass'n & College Retirement Equities Fund*, 982 F.2d 783, 789 (2d Cir. 1992) (failure to satisfy the common benefit factor need not preclude an award of attorneys' fees); *Anita Founds., Inc. v. ILGWU Nat'l Ret. Fund*, 902 F.2d 185, 189 (2d Cir. 1990) (failure to satisfy the first factor is not dispositive of a claim for attorneys' fees); *O'Rourke v. Pitney Bowes, Inc.*, 1997 U.S. Dist. LEXIS 17929 (S.D.N.Y Nov. 10, 1997) (attorneys' fees awarded without satisfaction of the bad faith/culpable conduct factor); *Alternative Care Systems v. Metropolitan Life Ins. Co.*, 1996 U.S. Dist. LEXIS 1705 (S.D.N.Y. Feb. 15, 1996) (same); *Virta v. Desantis Enterprises, Inc.*, 1996 U.S. Dist. LEXIS 17110 (N.D.N.Y. Nov. 7, 1996) (attorneys' fees awarded with no finding of bad faith (although conduct found to be unreasonable) and no finding of common benefit).

In light of *Hardt*, this Court, at a minimum, should <u>not</u> apply the first and fourth *Chambless* factors. Not only are the factors not supported by the statutory language, *Hardt*, 130 S.Ct. at 2158, but they negate the holding in *Hardt*. The first *Chambless* factor requires a finding of bad faith or

1132(g)(1), a court may consider the five factors adopted by the Court of Appeals, see n.1, *supra*, in deciding whether to award attorney's fees."  130 S.Ct. at 2158, n.8.

culpable conduct (which implies a finding greater than simply prevailing), but *Hardt* makes it perfectly clear that fees are appropriate even with the much less stringent finding of only <u>some</u> success.  Likewise, the fourth factor requires the court to weigh the relative merits of the parties' positions.  This requires the Court to do what *Hardt* specifically does not want.  *Hardt* does not want a "lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Id.*

However, even if, *arguendo*, the *Chambless* factors remain relevant despite *Hardt* (which Demonchaux does not concede), fees should be granted to Demonchaux because the factors favor her.

### 1.    Oxford Engaged In Culpable Conduct

The culpability requirement of the first *Chambless* factor is satisfied when the defendant's determination was arbitrary and capricious, or it deprived the plaintiff of a full and fair review.  *See, e.g.*, *Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435, 450 (2d Cir. 2006) ("[I]t was entirely appropriate for the district court to consider the degree to which Hartford failed to engage in a fair and open-minded consideration of Paese's claim."); *Locher*, 389 F.3d at 299 (failure to adequately investigate a claim and to base a denial on a doctor's report that lacked a scientific analysis of the medical evidence is culpable conduct); *Lijoi v. Cont. Cas. Co.*, 2006 U.S. Dist. LEXIS 5344, at *56 (E.D.N.Y. Feb. 13, 2006) ("Continental surely bears a high level of culpability for . . . its failure to credit either of Lijoi's or his doctors' attestations of disability and its failure to consider new evidence submitted on his behalf."); *Veltri*, 2004 U.S. Dist. LEXIS 6834, at *7-8 (failure to satisfy the full and fair review requirements is culpable conduct).

Here, Oxford's conduct was culpable because this Court held that Oxford's initial and appeal denials were arbitrary and capricious and that it failed to provide Demonchaux with a full and fair review, as discussed *supra*, Section I(A).  (12/20/12 Memorandum and Order at 23, 26-27).

Accordingly, Oxford's conduct satisfies the culpability requirements of the first *Chambless* factor.

### 2.   Oxford Has The Ability To Satisfy An Award Of Attorneys' Fees

Oxford cannot contest that it has the ability to satisfy Demonchaux's fee request.

### 3.   An Award Of Attorneys' Fees Would Deter Other Persons From Acting Similarly Under Like Circumstances

When weighing this factor, Courts may consider the deterrent effect that the fee award would have on not just the particular defendant in the action, but also the effect it would have on all insurers. *Veltri,* 2004 U.S. Dist. LEXIS 6834, at *8.

In the instant case, a substantial fee award would deter Oxford from failing to provide claimants with a full and fair review in the future, and from arbitrarily denying its insureds' claims for benefits. *See Veltri*, 2004 U.S. Dist. LEXIS 6834, at *9 ("[A]n award of attorney's fees would provide incentives for a somewhat less cavalier attitude towards member inquiries in the future."); *Locher*, 389 F.3d at 299 (award of fees would deter similarly inappropriate claims evaluation procedures); *Paese v. Hartford Life and Accident Ins. Co.*, 2004 U.S. Dist. LEXIS 6040, *34 (S.D.N.Y. Apr. 9, 2004)(an award of attorney fees would put insurers "on notice that if they deny benefits to plan participants without engaging in a fair consideration of their claims, they will be subject to an award of attorney's fees and costs"); *Zervos v. Verizon New York, Inc.*, 2002 U.S. Dist. LEXIS 22051, *8 (S.D.N.Y. Nov. 13, 2002)(fee award would deter other plan administrators from designing appeals processes that arbitrarily and capriciously deny benefits); *Juliano v. The Health Maintenance Org. of New Jersey, Inc.*, 2001 U.S. Dist LEXIS 17140, *8 (S.D.N.Y. Sep. 24, 2001)(fee award would deter failures "to provide information to the insureds and their physicians during the claims process").

Without an award of attorneys' fees, there is little downside for Oxford to deprive claimants of full and fair reviews and to arbitrarily deny benefits. Even if a plaintiff were successful in a

9

lawsuit, Oxford would only have to pay the benefits it was required to pay if it had complied with the law in the first place.

### 4.      The Merits Favor Demonchaux

The fact that Demonchaux achieved "some success on the merits" and the fact that this Court held that Oxford's denials were arbitrary and capricious and that Oxford failed to provide Demonchaux with a full and fair review demonstrates that the merits favor Demonchaux.  (See Sections I(A), I(B)(1), *supra*.).

### 5.      The Action Conferred A Common Benefit

Notwithstanding the fact that this factor alone does not preclude an award of attorney's fees in any case, *Clark v. First Unum Life Ins.*, 2009 U.S. Dist. LEXIS 36054, at *7 (S.D.N.Y. Apr. 28, 2009)(citing *Locher,* 389 F.3d at 299, the deterrent effect of attorneys' fees in this case would unquestionably confer a clear and common benefit upon other insureds under the Plan. *See Cohen*, 2007 U.S. Dist. LEXIS 86099, at *8 ("[A] determination finding fault with an insurer's conduct in an individual action confers a common benefit on a group of plan participants in that the insurer will be deterred from improperly denying benefits under similar circumstances."); *Lijoi*, 2006 U.S. Dist. LEXIS 5344, at *57 (although not a common fund case, an award of attorney fees serves to bring under scrutiny the application of questionable evaluation practices with respect to illnesses that are difficult to diagnose and treat); *Paese*, 2004 U.S. Dist. LEXIS 6040, at *34, *aff'd* 449 F.3d 435, 451 (2d Cir. 2006) ("[A]lthough this is an individual action that will not confer a common benefit on a group of pension plan participants, a benefit is conferred, in a general sense, on group employee benefit plan participants in that insurers will be deterred from terminating benefits without reason.").

II.     THE COURT SHOULD AWARD $88,042.50 IN ATTORNEYS' FEES

Once a Court has determined that an award is warranted, it will assess a "reasonable fee." An assessment of such an award entails a detailed *ad hoc* inquiry into the particular case. *Chambless*, 815 F.2d at 1057-58. The Court will begin its analysis by calculating the "lodestar." The lodestar is "based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). In calculating the lodestar, the Court may exclude those hours it finds to be "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Patrolmen's Benevolent Assn. of the City of New York v. The City of New York*, 2003 U.S. Dist. LEXIS 13472, at *6 (S.D.N.Y. July 29, 2003).

Once a lodestar is calculated, the district court may consider other factors "that may lead [it] to adjust the fee upward or downward." *Hensley v. Eckerhart*, 461 U.S. 424 (1983).[7] There is, however, a strong presumption that the lodestar figure represents a reasonable fee. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

A.     THE HOURLY RATES REQUESTED REFLECT THE PREVAILING MARKET RATES

The Second Circuit has held that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). The Court explained further:

---

[7] The twelve factors enunciated in *Hensley* are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of the claim involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 461 U.S. at 430 n.3.

> In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Id.* at 190.

When determining hourly rates, courts "should generally use the hourly rates employed in the district in which the reviewing court sits," which is also known as the "forum rule." *Simmons v. New York City Transit. Auth.*, 575 F.3d 170, 174-75 (2d. Cir. 2009)(holding that a "district court must first apply a presumption in favor of application of the forum rule").

Moreover, current rates rather than historical rates should be applied in order to compensate for the delay in payment. *LeBlanc-Sternberg*, 143 F.3d at 764; *Patrolmen's Benevolent Assn.*, 2003 U.S. Dist. LEXIS 13472, at *10; *Davis v. New York City Housing Authority*, 2002 U.S. Dist. LEXIS 23738, at *5 (S.D.N.Y. Dec. 6, 2002); *Mason Tenders Dist. Council Welfare Fund v. Leed's Constr. Corp.,* 2001 U.S. Dist. LEXIS 887, at *7 (S.D.N.Y. Jan. 30, 2001) (ERISA case).

This litigation was contentious and required the Court's intervention at several points in this case's procedural history.  Defendant's Motion for Summary Judgment and Plaintiff's Opposition were quite involved and each were centered upon a lengthy and fact specific record.  Tremendous time has been spent by Plaintiff responding to both Defendant's Motion for Summary Judgment, Motion to Strike, each of the Declarations, and the discovery disputes which have arisen during the pendency of this action.

<u>Scott M. Riemer, Esq.</u>

Plaintiff requests $600 per hour for the time that Scott M. Riemer, Esq., spent on the case. Mr. Riemer is an ERISA specialist with 28 years of experience.  The requested rate is the rate that

Mr. Riemer has been charging <u>all</u> of his hourly rate clients (numbering more than 170), since July 1, 2010.  Therefore, the hourly rate of $600 is the rate that paying clients pay for the time of Mr. Riemer.

The requested rate is also commensurate with the rates charged by other attorneys with similar experience.  (See **Exhibit I** to the Affirmation of Scott M. Riemer, dated May 15, 2013 ("Riemer Aff.") **:** Herbert Eisenberg, an attorney with 26 years of ERISA and employment law experience, charges his clients $600 per hour; Daniel Feinberg, an attorney with 21 years of ERISA and insurance law experience, charges his clients $650 per hour; Edgar Pauk, an attorney with over 29 years of ERISA experience, charges his clients $600 per hour; and Robert Bach, an attorney with more than 21 years of ERISA and employment law experience, charges his clients $500 per hour); *see also, e.g., Taaffe*, 769 F. Supp. 2d at 542-43 (granting requested fees for Mr. Riemer at $560 per hour—the rate the Firm charged for his time in 2009); *Zoller v. INA Life Ins. Co. of New York,* 06 Civ. 0112 (RJS)(Orders of 7/29/09 and 8/6/09)(granting requested fees for Mr. Riemer at $560 per hour)(See **Exhibit J**).

<u>Lisa S. Kantor, Esq.</u>

Plaintiff requests $600 per hour for the time that Lisa S. Kantor, Esq., spent on the case.  Ms. Kantor is an ERISA specialist with over 30 years of experience.  Ms. Kantor has been appellate and/or trial counsel in a number of published ERISA cases as detailed in her Affirmation provided herewith.  (Affirmation of Lisa S. Kantor, dated April 2, 2013 ("Kantor Aff."), ¶3).  The requested rate is the rate that courts have previously awarded Ms. Kantor in other ERISA matters.  *See Pomerleau v. Health Net of California, Inc.*, 2012 WL 5829850 (C.D.C.A. Nov. 15, 2012) (the Honorable Dean D. Pregerson affirmed the reasonableness of $600.00 per hour for Lisa S. Kantor); *Dine v. Metropolitan Life Ins. Co.*, U.S.D.C. Central Dist. Case No. CV 05-3773 RSWL (the Honorable Ronald S.W. Lew found that firm partner, Glenn Kantor's 2011 hourly rate of $600 was reasonable).

13

The requested rate is also commensurate with the rates charged by other attorneys with similar experience, including Mr. Riemer. (See, **Exhibit E** to the Kantor Aff.) Ronald Dean, an attorney with 30 years of ERISA experience, charged his clients $650 per hour from October 2007 through May, 2011 and currently charges his clients $700 per hour; Daniel Feinberg, an attorney with 21 of experience in the ERISA field, charges a rate of $650 per hour; **Exhibit F** to the Kantor Aff.: Terence J. Coleman, an attorney with over 20 years of ERISA experience, received a fee award of $600 per hour in 2011.

Elizabeth Green, Esq.

Plaintiff requests $500 per hour for the time that Elizabeth Green, Esq., spent on the case. Ms. Green is a Senior Associate at Kantor & Kantor and has over 14 years of experience practicing law over 8 years of experience devoted to the representation of insureds in disputes with their insurance carriers regarding health, life, disability and long term care claims. The majority of the cases she handles for Kantor & Kantor have been ERISA health and disability claims, and specifically health claims related to people with eating disorders. *See Dine v. Metropolitan Life Ins. Co.*, U.S.D.C. Central Dist. Case No. CV 05-3773 RSWL (the Honorable Ronald S.W. Lew determined that $500 per hour was a reasonable hourly rate for Kantor & Kantor Senior Associates).

Deborah A. Lieber, Esq.

Plaintiff requests $500 per hour for the time that Deborah A. Lieber, Esq., spent on this case. Ms. Lieber is a Senior Associate at Kantor & Kantor and has over 22 years of experience practicing law and handling insurance related claims and over 7 years of experience devoted to the representation of insureds in disputes with their insurance carriers regarding health and disability claims. The majority of the cases she handles for Kantor & Kantor have been ERISA health claims, and specifically health claims related to people with eating disorders. *See Dine v. Metropolitan Life Ins.*

14

*Co.*, U.S.D.C. Central Dist. Case No. CV 05-3773 RSWL (the Honorable Ronald S.W. Lew determined that $500 per hour was a reasonable hourly rate for Kantor & Kantor Senior Associates).

Sharon H. Lee, Esq.

Plaintiff requests $300 per hour for the time that Sharon H. Lee, Esq., spent on the case. Ms. Lee is an associate with over two years of experience. The requested rate is the rate that Riemer & Associates LLC charges all of its 170 hourly rate clients for her time.

Paralegal Services

Plaintiff requests $200 per hour for the paralegal services that Audrey Beerman (f/k/a Audrey Shore), Ellen R. Mayer, and Kasandra A. Raux (f/k/a Kasandra Gonzalez) furnished on this case, and $175 per hour for the paralegal services that Denise Anderson provided. The requested rates are the rates that Riemer & Associates LLC charges all of its 170 hourly clients for their services since July 1, 2010. It is also commensurate with the rates awarded in this District for paralegals with their level of experience. *See, e.g.*, *Taaffe*, 769 F. Supp. 2d at 543 (granting the requested rate of $180 per hour for Ms. Beerman and Ms. Mayer—the rate the Firm charged for their time in 2009); *Zoller v. INA Life Ins. Co. of New York, 06 Civ. 0112 (RJS)*(Orders of 7/29/09 and 8/6/09)(granting requested fees for paralegals at $180 per hour)(See **Exhibit J**); *Clark*, U.S. Dist. LEXIS 36054, at *9-10 (finding the then-requested hourly rate of $150 per hour for Ms. Mayer's and another paralegal's time reasonable); *Winkler v. Metropolitan Life Ins. Co.*, 2006 U.S. Dist. LEXIS 56464, *2 (S.D.N.Y. Aug. 10, 2006)(finding the then-requested hourly rate of $130 per hour for Ms. Mayer's paralegal time reasonable).

B.    THE NUMBER OF HOURS REQUESTED BY DEMONCHAUX IS
          REASONABLE

In calculating the initial lodestar, the Court is required to determine the number of hours reasonably spent on the litigation and to exclude any hours that were excessive, redundant, or

otherwise unnecessary. *Quatarino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999).

In order to assist the Court in determining the number of reasonable hours expended, plaintiff has divided the hours by task, showing the hours expended for each task performed:

| | Scott Riemer @ $600 | Lisa Kantor @ $600 | Assoc. Green @ $500 | Assoc. Lieber @ $500 | Assoc. Lee @ $300 | Paralegal Raux @ $200 | Paralegal Mayer @ $200 | Paralegal Beerman @ $200 | Paralegal Anderson @ 175 |
|---|---|---|---|---|---|---|---|---|---|
| Communications w. Client | --- | 0.7 | 2.1 | 3.5 | --- | --- | --- | --- | --- |
| Communications w. Co-Counsel | 0.5 | 0.2 | 2.4 | 0.8 | 1.15 | 0.05 | 3.15 | 0.5 | 0.4 |
| Complaint/ Answer | 1.15 | 0.8 | 3.4 | 0.2 | --- | --- | 2.25 | 0.1 | --- |
| Pro Hac Vice Motion | 0.1 | --- | 0.5 | --- | --- | --- | 4.45 | --- | 1.0 |
| Discovery/ Discovery Motion | 8.35 | 5.1 | 8.4 | 2.8 | --- | 1.6 | 4.7 | 0.55 | --- |
| Opposition to Hartford Motion for Summary Judgment | 0.9 | 5.5 | 0.3 | 76.6 | --- | 0.5 | 5.4 | --- | --- |
| Opposition to Motion Strike | 0.1 | --- | 0.4 | 18.2 | --- | --- | 1.2 | 0.05 | --- |
| Fee Brief/ Proposed Judgment | 3.15 | 1.6 | 1.6 | 17.8 | 19.65 | 0.25 | --- | --- | --- |
| TOTAL HOURS | 14.25 | 13.9 | 19.1 | 119.9 | 20.8 | 2.4 | 21.15 | 1.2 | 1.4 |
| TOTAL VALUE | $8,550 | $8,340 | $9,550 | $59,950 | $6,240 | $480 | $4,230 | $240 | $245 |

Total Value without Reduction: $97,825.00
Total Value with 10% Reduction: $88,042.50

(See **Exhibits G and K**).  Moreover, the requested fees already include a voluntary 10% reduction for Kantor & Kantor and Riemer & Associates to account for any alleged duplication and/or efficiency.

## III.   THE COURT SHOULD AWARD $1,284.30 IN COSTS

The type of "costs" that are recoverable are all reasonable out-of-pocket expenses incurred by the attorney which are normally charged to fee-paying clients. *Algie v. RCA Global Communications, Inc.*, 891 F.

Supp. 875, 898 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 956 (2d. Cir. 1995).

Plaintiff seeks $1,284.30 in costs, which represents some, but not all, of the out-of-pocket expenses expended on the case.   (See **Exhibit H** to the Kantor Aff.).   Frequent out-of-pocket expenses for postage and miscellaneous copying were not charged to the case.   The case was also not charged for the vast amount of LEXIS research conducted.   The Firm pays a flat monthly rate to LEXIS for much of the research conducted.   No attempt was made to prorate these monthly charges to the case.   The Firm, however, has charged the case for research conducted outside of the Firm's flat monthly rate.

All of those costs were necessarily incurred, and Plaintiff should be awarded her costs in full.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff requests attorneys' fees under ERISA §502(g)(1) in the amount of $88,042.50, and costs in the amount of $1,284.30.

Dated:  New York, New York
        May 15, 2013

                                        RIEMER & ASSOCIATES LLC
                                        60 East 42nd Street, Suite 1750
                                        New York, New York 10165
                                        (212) 297-0700
                                        sriemer@riemerlawfirm.com

                                        By: <u>/s/Scott M. Riemer</u>
                                            Scott M. Riemer (SR 5005)

Dated:  Northridge, California
        May 15, 2013

                                        KANTOR & KANTOR, LLP
                                        19839 Nordhoff Street
                                        Northridge, California 91324
                                        (818) 886-2525
                                        lkantor@kantorlaw.net

                                        By: <u>/s/Lisa S. Kantor</u>
                                            Lisa S. Kantor (SBN 110678)

17

## CERTIFICATE OF SERVICE

I certify that on May 15, 2013, I served a true and complete copy of the foregoing document by transmitting the same by electronic mail to the following individuals:

Michael H. Bernstein, Esq.
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Michael.Bernstein@sedgwicklaw.com

I also certify that this document filed through the ECF system will be sent electronically to all registered participants on May 15, 2013.

Dated:  New York, New York
        May 15, 2013

                                        /s/ Scott M. Riemer
                                        Scott M. Riemer (SR 5005)
                                        RIEMER & ASSOCIATES, LLC
                                        60 East 42nd Street, Suite 1750
                                        New York, New York 10165
                                        (212) 297-0700
                                        sriemer@riemerlawfirm.com

18